SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Petitioners Fabien Ho Ching Ma, Laila Amlani,*
*Jonathan Willis, Melissa Olson, Sasha Solomon,*
*Ryan Crowley, Grae Kindel, Sarah Rosen, and*
*Adam Treitler, on behalf of themselves*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER, on behalf of themselves and all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC. AND X CORP., <br><br> Respondents. | Case No. 3:23-cv-3301-SK <br><br> **AMENDED CLASS PETITION TO COMPEL ARBITRATION** <br><br> 1. FEDERAL ARBITRATION ACT, 9 U.S.C. § 4 |

Petitioners file this Amended Class Petition for an Order compelling Respondents Twitter, Inc. and X Corp. (collectively, "Twitter") to arbitration as follows:

## NATURE OF THE PETITION

1. Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Sasha Solomon, Ryan Crowley, Grae Kindel, Sarah Rosen, and Adam Treitler, on their own behalf and on behalf of other similarly situated Twitter employees with whom Twitter has refused to engage in arbitration — despite having compelled employees to arbitrate their claims — file this Petition to Compel Arbitration.

2. Since Elon Musk's acquisition of Twitter in October 2022, the company has been accused of a variety of unlawful acts, including failing to pay laid off employees promised severance payments, discriminating against employees on the basis of sex, race, age, and disability, failing to pay promised bonuses, violating the WARN Act and FMLA, and other legal violations.  More than 2,000 of Twitter's former employees have attempted to pursue arbitration claims against the company, following Twitter's successfully moving to compel arbitration in several federal class action cases in court against it.  While many of these arbitrations are now moving forward, Twitter has used multiple excuses not to participate in arbitration with the majority of employees who have brought claims against it.

3. First, Twitter has refused to pay the full arbitration fees for employees who worked outside California and several other states (including Nevada and Oregon), as it has been ordered to do by both arbitration providers the parties have agreed to use, Judicial Arbitration and Mediation Services ("JAMS") and the American Arbitration Association ("AAA").

4. Twitter has also refused to participate in arbitration with employees who worked in a number of states where JAMS does not have an office or arbitrators.

5. In addition, Twitter has refused to participate in arbitration with employees who do not have a signed copy of their arbitration agreement.  While insisting that these employees must arbitrate their claims, Twitter has blocked them from proceeding with their arbitrations because they do not have a signed copy of their arbitration agreement.

6. Finally, on August 5, 2023, Elon Musk, the current owner (and former CEO) of Twitter, posted on the platform that: "If you were unfairly treated by your employer due to posting or liking something on this platform, we will fund your legal bill. No limit. Please let us know." Petitioner Adam Treitler was informed that he had been laid off from Twitter in January 2023 based upon a tweet he posted about Elon Musk. Petitioner Treitler has attempted to arbitrate his legal claims against Twitter, but Twitter has refused to pay the bill for the arbitration.

7. Petitioners have filed this Petition on behalf of themselves and the other similarly situated employees who have brought arbitration claims against Twitter seeking to compel Twitter to arbitrate their cases, pursuant to the rules of the arbitration providers that Twitter selected, but for which Twitter has refused to participate in the arbitrations.

## PARTIES

8. Petitioner Fabien Ho Ching Ma is an adult resident of Brooklyn, New York, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

9. Petitioner Laila Amlani is an adult resident of Peoria, Arizona, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

10. Petitioner Jonathan Willis is an adult resident of Pocatello, Idaho, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

11. Petitioner Melissa Olson is an adult resident of Sussex, Wisconsin, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

12. Petitioner Sasha Solomon is an adult resident of Portland, Oregon, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

13. Petitioner Ryan Crowley is an adult resident of Palm Springs, California, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

14. Petitioner Grae Kindel is an adult resident of Medford, Massachusetts, who has filed a demand for arbitration with AAA against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

15. Petitioner Sarah Rosen is an adult resident of Mount Kisco, New York, who has filed a demand for arbitration with AAA against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

16. Petitioner Adam Treitler is an adult resident of Astoria, New York, who has filed a demand for arbitration with JAMS against Twitter challenging its unlawful actions following Elon Musk's acquisition of the company.

17. Petitioners brings this Petition to Compel Arbitration as a Rule 23 class action on behalf of all former Twitter employees throughout the United States who have filed demands for arbitration against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims.

18. Respondent Twitter, Inc. is a Delaware corporation headquartered in San Francisco, California.

19. Respondent X Corp. is a Nevada corporation headquartered in San Francisco, California.

20. In or about March 2023, Twitter, Inc. merged with X Corp., and as a result Twitter, Inc. and X Corp. are a single entity. X Corp. has successor liability for the unlawful acts of Twitter, Inc. Twitter, Inc. and X Corp. are referred to herein as "Twitter".

**JURISDICTION AND VENUE**

21. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1332 because the underlying matters in controversy collectively exceed the sum or value of

$5,000,000, exclusive of interest and costs, and the vast majority of, if not all, members of the Petitioner class reside in a different state from Respondents.

22. This Court has personal jurisdiction over Twitter, Inc. and X Corp. because both entities have their headquarters and principal places of business in California.

23. Venue is proper in this district (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because both Twitter, Inc. and X Corp. are headquartered and conduct business in San Francisco County, and many of the acts and omissions complained of occurred in San Francisco County.

## BACKGROUND

24. Twitter is a social media company that used to employ thousands of people across the United States.

25. In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company. Since his purchase, which was completed in October 2022, the company has laid off or constructively discharged a very substantial portion (75% or more) of its employees.

26. Many of these employees have made various claims against the company concerning their separations from Twitter, including claims related to unpaid promised severance payments, discrimination, and other legal obligations that Twitter has refused to comply with.

27. When class action lawsuits were filed against Twitter in court, Twitter regularly moved to compel arbitration, and it succeeded (with respect to employees who were bound by an arbitration agreement). *See Borodaenko v. Twitter, Inc.*, 2023 WL 3294581 (N.D. Cal. May 5, 2023); *Rodriguez v. Twitter, Inc.*, 2023 WL 3168321 (N.D. Cal. May 1, 2023); *Cornet v. Twitter, Inc.*, 2023 WL 187498 (N.D. Cal. Jan. 13, 2023); *see also Gadala v. Twitter, Inc.*, No. 3:23-cv-01595-JSC (N.D. Cal. May 15, 2023); *Adler v. Twitter, Inc.*, No. 3:23-CV-01788 (N.D. Cal. May 12, 2023) (Dkt. 14) (Twitter's motion to compel arbitration, which was withdrawn because plaintiff opted out of arbitration).

28. More than 2,000 Twitter employees have now brought their claims against Twitter in arbitration.

29. However, as discussed below, Twitter has refused to participate in many of these arbitrations, based on a number of excuses.

30. On behalf of themselves and other Twitter employees with whom Twitter has entered arbitration agreements but has refused to participate in arbitration, Petitioners hereby ask this Court to compel Twitter to arbitrate pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.

**Twitter's Failure to Pay Arbitration Fees, As Ordered by JAMS and AAA**

31. Petitioners and the thousands of other former Twitter employees who have sought to bring claims against Twitter in arbitration signed nearly identical arbitration agreements that state that they are applicable to any disputes arising from or related to their employment with Twitter or separation of their employment. *See* Exhibits A1-A7 (Petitioners' arbitration agreements).[1]

32. The majority of these agreements provide that the parties will bring any claims in arbitration before Judicial Arbitration and Mediation Services ("JAMS"), an arbitration service provider, pursuant to the then-current JAMS Rules.

33. Some agreements, however, do not specify JAMS as the arbitration service provider. For employees whose agreements do not specify JAMS, Twitter and Petitioners' counsel agreed to use a different arbitration service provider, the American Arbitration Association ("AAA").

---

[1] As discussed *infra* at ¶¶ 63-68, Petitioner Crowley does not have a signed copy of his arbitration agreement. He filed his arbitration demand using a template copy of Twitter's standard JAMS arbitration agreement.

34.     Both JAMS and AAA generally require that, for employment-related disputes, the employer must pay the full arbitration fees (including arbitrators' compensation), other than for a nominal filing fee, which the employee must pay.[2]

35.     However, other than for employees who worked in California and a couple other states (including Nevada and Oregon), Twitter has refused to pay the full arbitration fees.

36.     JAMS Rules include a provision stating that, whenever parties have provided for arbitration by JAMS, the parties shall be deemed to have incorporated JAMS Rules as a part of their arbitration agreement. The Rules further provide that any other agreements the parties may make with respect to procedures for employment-related arbitrations must comport with the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Minimum Standards"). *See* Exhibit B.

37.     Pursuant to the JAMS Minimum Standards, an employee who brings an arbitration case at JAMS must pay an initial relatively nominal filing fee (no more than the fee that would be required for filing a court complaint). However, all other arbitration fees, including fees to pay the arbitrator, must be borne by the employer. *See* Exhibit B, at 4 (JAMS Standard No. 6).

38.     Following Twitter's moving to compel arbitration in the class action lawsuits referenced above, Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Sasha Solomon, Ryan Crowley, Adam Treitler, and approximately two thousand other former employees, in accordance with their arbitration agreements, filed arbitration demands against Twitter with JAMS.

39.     JAMS notified the parties at the outset of each arbitration case that it determined that the Minimum Standards for employment disputes apply. Twitter agreed to the application of

---

[2]     In its Order regarding arbitration, the court in *Gadala v. Twitter* also stated: "Plaintiff [a Florida resident] shall only be required to pay the JAMS arbitration filing fee up to the amount she would pay to initiate an action in this Court; Defendants shall be required to pay all other costs of arbitration." Case No. 3:23-cv-01595-JSC (Dkt. 18).

these Minimum Standards by including JAMS in its arbitration agreements, not objecting timely to the designation, and (as explained in the JAMS Minimum Standards letter) by proceeding in the arbitration process.

40.  Pursuant to JAMS procedures, a number of these arbitrations began administration, a number of arbitrators were appointed, and hearing dates and other dates began to be scheduled.

41.  However, on June 2, 2023, after approximately 2,000 individual arbitrations had been filed against it, Twitter reversed course. Despite knowing that JAMS rules require employers to pay the full arbitrator fees in employment cases under the Minimum Standards, Twitter submitted a letter to JAMS' General Counsel, Sheri Eisner, requesting that all arbitration fees be split equally among the parties (in all states other than California and a couple other states, including Nevada and Oregon). Counsel for claimants quickly objected.

42.  On June 21, 2023, JAMS replied to Twitter's letter, reaffirming that the Minimum Standards were applicable and stating that JAMS would decline to administer arbitrations in which Twitter did not agree to abide by the Minimum Standards and pay the full arbitration fees. *See* Exhibit C.

43.  On June 28, 2023, Twitter sent another letter to JAMS informing it that Twitter would refuse to proceed with arbitrations in most states outside California. It attached a list of 891 arbitrations in which it was refusing to proceed, including the cases of Petitioners Fabien Ho Ching Ma, Melissa Olson, and Adam Treitler. *See* Exhibit D.[3]

44.  On June 30, 2023, JAMS informed the parties that it would decline to arbitrate any disputes in which Twitter refused to pay its required fees and claimants did not waive application of the Minimum Standards. Shortly thereafter, JAMS notified the parties that scheduled conferences and hearings in these matters would be cancelled.

---

[3] Twitter's list did not include Petitioners Laila Amlani and Jonathan Willis, even though Twitter informed counsel and JAMS that it will not proceed with arbitrations outside California, Nevada, and Oregon. Thus, that the list that Twitter submitted to JAMS of the 891 arbitrations in which it stated it would not participate is not complete.

45. Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, , Ryan Crowley, and Adam Treitler and those similarly situated have filed with JAMS demands for arbitration against Twitter. *See* Exhibits E1-E7 (Petitioners' JAMS arbitration demands, without exhibits).

46. However, Twitter has informed JAMS, Petitioners, and others similarly situated individuals that it will not proceed with these arbitrations outside California (and a couple other states) because Twitter refuses to pay the full arbitration fees for these cases. *See* Exhibit D.

47. On June 30, 2023, following Twitter's notice of its refusal to pay these fees, JAMS notified the parties that: "JAMS will close its file as JAMS will not proceed with cases that we have determined fall under our Employment Minimum Standards if Respondent will not abide by those standards." Exhibit F.

48. By refusing to abide by the JAMS Minimum Standards and pay the full arbitrator fees as required by those standards (which Twitter was or should have been aware of when entering into these arbitration agreements and moving to compel employees' claims to arbitration), Twitter is preventing these arbitrations from proceeding forward. By doing so, it has interfered with Petitioners and other employees' right to arbitrate their claims at JAMS, as required by their agreements.

49. Petitioner Fabien Ho Ching Ma filed his arbitration demand on January 11, 2023. *See* Exhibit E1. An arbitrator was appointed to his case, and a final hearing was scheduled for December 2023. However, because Twitter now refuses to proceed with his case and pay the arbitration fees, JAMS has stayed his case indefinitely. Twitter has refused to proceed with his case, preventing him from conducting discovery to prepare for the December 2023 arbitration hearing date.

50. Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Sasha Solomon, Adam Treitler, and those similarly situated, for whom Twitter is refusing to pay the full arbitration fees at JAMS, are aggrieved by Twitter's failure, neglect, and refusal to arbitrate under the rules it agreed to abide by in including JAMS in its arbitration agreements.

51.     Similarly, Twitter has refused to pay all arbitration fees (other than the initial filing fee), as it has been directed to do by the AAA, where other Twitter employees have, by agreement, filed their arbitration demands.

52.     Petitioners Grae Kindel and Sarah Rosen, and hundreds of other former Twitter employees, have filed demands for arbitration against Twitter at AAA. *See* Exhibits G1-G2 (Kindel and Rosen's arbitration demands, without exhibits).

53.     At the outset of these cases, AAA informed the parties that Twitter would be required to pay all arbitration fees (other than a minimal initial fee which Claimants would pay).[4]

54.     However, despite having agreed to use AAA, Twitter then informed AAA, Petitioners Kindel and Rosen, and other similarly situated individuals that it would not proceed with these arbitrations outside California (and a couple other states including Nevada and Oregon) because it refuses to pay the full arbitration fees for these cases. *See* Exhibits J1-J2. On August 1, 2023, Twitter sent an email to AAA identifying at least 130 individuals who had worked outside these states, including Petitioners Kindel and Rosen, for whom it refused to pay the full arbitrators' fees as directed to by the AAA. Exhibit J1. On August 28, 2023, Twitter reiterated and confirmed that it refused to move forward with any arbitrations at AAA for Claimants located outside of California, Nevada, or Oregon. Exhibit J2.

55.     AAA has stated that it will not proceed with administering arbitrations for which Twitter does not agree to comply with the AAA Fee Schedule (unless Claimants agree to waive those standards, which Petitioners and others similarly situated have not agreed to waive). *See* Exhibit I.

---

[4]     AAA determined that these arbitrations would proceed on the "Employment/Workplace Multiple Case Filing Administrative Fee Schedule" ("AAA Fee Schedule"), and Twitter agreed. *See* Exhibit H. The AAA Fee Schedule states that: "[t]he company shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation." Exhibit I.

56.     By refusing to follow AAA's directive that it must pay the full arbitrator fees (as required by AAA standards, which Twitter was or should have been aware of when agreeing to arbitrate with the AAA), Twitter is preventing these arbitrations from proceeding. By doing so, it has interfered with Petitioners Grae Kindel, Sarah Rosen, and other employees' rights to arbitrate their claims.

**Twitter's Refusal to Arbitrate With Employees Who Worked in States Where JAMS Does Not Have an Office or Arbitrators**

57.     Twitter has also refused to move forward with JAMS arbitrations for employees in many states where JAMS does not have an office and/or arbitrators who are licensed to practice in the state.

58.     Petitioners Amlani, Willis, Olson, and Solomon filed their arbitration demands in December 2022 and January 2023. *See* Exhibits E2-E5. However, Twitter has refused to proceed with their arbitrations because these employees worked in states where JAMS does not have a local office and/or arbitrators who are licensed to practice in the state.

59.     Twitter's arbitration agreement provides that the arbitration shall take place no more than 45 miles from the place where the Employee reported to work for the Company. *See, e.g.*, Exhibit A2 at ¶ 3.

60.     Petitioners Amlani, Willis, Olson, and Solomon worked for Twitter in Arizona, Idaho, Wisconsin, and Oregon respectively. JAMS does not have offices in these states. In their arbitration demands, they therefore listed the nearest JAMS office, and they agreed to use arbitrators from nearby states to hear their cases.

61.     However, Twitter has refused to engage in arbitration with these employees and many others on the ground that JAMS does not have an office or arbitrators available in the states in which they worked for Twitter.[5]

---

[5] Twitter has also refused to pay for the arbitrations for Petitioners Amlani, Willis, and Olson, as described above. However, for Petitioner Solomon, who worked in Oregon, even though Twitter has stated that it would pay fees for arbitrations of Claimants who worked in

62. In doing so, Twitter has interfered with the rights of Petitioners Amlani, Willis, Olson, Solomon, and other employees who did not work in a location where JAMS has an office (or arbitrators available) to arbitrate their claims.

**Twitter's Refusal to Arbitrate With Employees Who Do Not Have a Copy of Their Signed Arbitration Agreement**

63. Twitter has also refused to engage in arbitration with employees who do not have a copy of their signed arbitration agreement.

64. While Twitter obviously has copies of these agreements – and has moved to compel arbitration when any employee who is bound by an arbitration agreement has brought a claim in court – Twitter has used the fact that many employees do not have a copy of their signed arbitration agreement in order to prevent their arbitration cases from moving forward.

65. Petitioners' counsel have repeatedly requested that Twitter provide the signed agreements for any employees who do not have them. Twitter has refused to provide these signed agreements and has objected to these cases moving forward in arbitration. *See, e.g.,* Exhibit K.

66. Petitioner Crowley filed his arbitration demand with JAMS, as he understood he was required to under the terms of his arbitration agreements. However, because he did not have a signed copy of his arbitration agreement to provide to JAMS, Twitter refused to proceed with his arbitrations (by providing copies of the signed agreements to JAMS), and JAMS has not allowed his arbitration to move forward. *See* Exhibit L.

67. Likewise, Twitter has refused to move forward with arbitrations of other employees who do not have their signed agreements (all the while, refusing itself to provide them to JAMS in order to allow the arbitrations to commence). JAMS has not allowed these arbitrations to move forward. *See id.*

Oregon, because JAMS does not have an office or arbitrators in Oregon, it appears that arbitrations in Oregon will not move forward either. *See* Exhibit N.

68.     By insisting that employees provide signed copies of their arbitration agreements to JAMS, while simultaneously refusing to provide these signed agreements for employees who do not have them, Twitter has interfered with the rights of Petitioner Crowley and other employees to arbitrate their claims.[6]

**Twitter's Refusal to Pay Arbitration Fees For an Employee Who Twitter Claims to Have Laid Off Because of a Tweet He Posted, Despite Elon Musk's Promise to Pay Legal Fees for Any Employee Who Was Unfairly Treated by Their Employer for Tweets They Posted**

69.     Twitter has also refused to pay for arbitration for certain employees outside of California (and Nevada and Oregon) in contravention of Elon Musk's (Twitter's owner and former CEO) recent promise to fund the legal bills in full for employees who were mistreated by their employers based on tweets they posted.

70.     On August 5, 2023, Musk posted the following message: "If you were unfairly treated by your employer due to posting or liking something on this platform, we will fund your legal bill.  No limit.  Please let us know." *See* Exhibit M.

71.     In January 2023, Petitioner Adam Treitler was informed that he had been laid off from Twitter because of a tweet he posted about Elon Musk.

---

[6]     Twitter's refusal to provide signed arbitration agreements has caused great confusion for many employees who do not remember if their employment contract contained an arbitration agreement and do not know if their contract specified JAMS as the arbitration provider.  Some Twitter employees who worked at the company for a number of years do not have arbitration provisions in their contracts, and some of the earlier Twitter arbitration agreements do not specify JAMS (in which case Twitter and Petitioners' counsel have agreed to use AAA as the arbitration provider).  Thus, a number of employees have been uncertain as to whether they can file their claims in court or must file in arbitration.

In an abundance of caution, Petitioners' counsel have filed arbitration claims for their clients who are not certain whether they are even bound by an arbitration agreement.  If Twitter would provide these agreements (as it should, since it is insisting that employees who are bound by arbitration agreements file their claims only in arbitration), the employees' counsel would know where to file their claims.  Twitter has created much unnecessary work for the parties and counsel by playing this game of not providing counsel or JAMS with the signed arbitration agreements.

72.     Petitioner Treitler has attempted to arbitrate his legal claims against Twitter[7], but Twitter has refused to pay the bill for the arbitration.

73.     In addition to being required to pay for Petitioner Treitler's arbitration fees pursuant to the JAMS rules, Twitter should be required to pay these fees and proceed with his arbitration based upon the promise Musk made in his recent post.

## COUNT I

### Federal Arbitration Act

Petitioners and those similarly situated are aggrieved by Twitter's failure, neglect, and refusal to participate in Petitioners and class members' arbitrations and its actions in preventing these arbitrations from proceeding.  Accordingly, this Court should compel Twitter to arbitrate pursuant to the rules set forth by JAMS and AAA, the arbitration providers that Twitter agreed to, under 9 U.S.C. § 4.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners, on their own behalves and on behalf of those similarly situated, respectfully requests that this Court:

1.     Enter an Order requiring that Twitter arbitrate the claims of Petitioners and those similarly situated, pursuant to the rules of the arbitration providers it agreed to, JAMS and AAA, which includes paying the arbitration fees and costs JAMS and AAA have determined are necessary to empanel arbitrators and allow the arbitrations to proceed;

2.     Enter an Order requiring that Twitter cooperate with Petitioners and those similarly situated in order to allow their arbitrations to proceed, including allowing arbitrators to be appointed even in states where JAMS does not have an office or arbitrators and producing

---

[7] Petitioner Treitler has brought claims for unpaid severance, as well as a retaliation claim.

1. arbitration agreements for employees who do not have a copy of their signed arbitration agreement;

3. Award any additional relief to which Petitioners and those similarly situated are entitled.

Respectfully submitted,

FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:          August 31, 2023

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document will be served on Respondents Twitter, Inc. and X Corp. by process server today. A copy will also be sent via electronic mail to Respondents' counsel.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan