# EXHIBIT J

# EXHIBIT J-1

**Bradley Manewith**

| | |
|---|---|
| **From:** | Allen, Owen <owen.allen@morganlewis.com> |
| **Sent:** | Tuesday, August 1, 2023 5:35 PM |
| **To:** | AAA Tacy Zysk |
| **Cc:** | Twitter Arbitration Demands Team (Local); Shannon Liss-Riordan; Thomas Fowler; Bradley Manewith; Lichten & Liss-Riordan, P.C.; Margaret Born |
| **Subject:** | AAA Caseload No. 01-23-0002-1341  Individual Claimants v. Twitter and X Corp - AAA Request to Provide Fee-Dispute list |
| **Attachments:** | CONFIDENTIAL AAA Flagged Claimants (Lichten  Liss-Riordan).xlsx |

Per your request, attached are the names of the AAA claimants represented by the Lichten firm that we currently believe, to the best of our information, are subject to the fee sharing dispute.  Given the number of filings, and the number of additional filings the Lichten firm may make, this list may need to be revised in the future.

Best,
Owen

**Owen Allen**
Legal Practice Assistant
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7888 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
owen.allen@morganlewis.com | www.morganlewis.com



| Last Name | First Name | Notes |
|---|---|---|
| | | Claimant improperly filed an arbitration demand in San Diego, CA.  Our records indicate that Claimant worked in Hawaii at the time of their separation.  As such, per the terms of the DRA, this demand must be filed in Hawaii. |
| | | Claimant improperly filed an arbitration demand in Los Angeles, CA.  Our records indicate that Claimant worked in Hawaii at the time of their separation.  As such, per the terms of the DRA, this demand must be filed in Hawaii." |

| Kindel | Grae |

| | |
|---|---|
| Rosen | Sarah |

# EXHIBIT J-2

# Bradley Manewith

| | |
|---|---|
| **From:** | Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com> |
| **Sent:** | Monday, August 28, 2023 4:19 PM |
| **To:** | AAA Tacy Zysk; Shannon Liss-Riordan |
| **Cc:** | Alamuddin, Sari M.; Bradley Manewith; Thomas Fowler; Margaret Born; Twitter Arbitration Demands Team (Local) |
| **Subject:** | RE: AAA 01-23-0002-1341 -  259(+) Individual Claimants v. Twitter, Inc. and X Corp. - Confirming Administrative Conference Call |
| **Attachments:** | 2023 08 08  Respondents Aggregate Invoice     AAA Arbitrator Selection Process Fees x 112  NON-California    Twitter.pdf; 2023 08 08  Respondents Aggregate Invoice    AAA Arbitrator Selection Process Fees x 147 cases subject to CCP 1281.97      Twitter.pdf |

Good afternoon Tacy,

We've reviewed AAA's proposal with our client regarding how to proceed with the demands that are subject to the fee sharing dispute.

The Dispute Resolution Agreements (DRAs) are governed by the Federal Arbitration Act (FAA) and, as a result, each arbitrator (and AAA) must enforce the DRAs as drafted.  The DRAs, in turn, provide that "[i]f under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator."  *See* DRA § 6. Given this straightforward language, this issue should be easily resolved—the arbitrators and AAA must enforce the DRAs in accordance with their terms.  *See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (tribunals "must rigorously enforce arbitration agreements according to their terms").  Rather than properly apportion all arbitration fees (after the initiation fee) equally from the start, AAA's proposal seeks to require Twitter to front all arbitration fees until arbitrators issue individual rulings on this issue, and then Twitter could seek an order for reimbursement from each individual arbitrator if their rulings order apportionment.  Such an approach improperly disregards the terms of the parties' DRAs.  For these reasons, Twitter cannot agree to AAA's proposal to proceed with any demands that are not subject to mandatory fee sharing.  We are prepared to proceed with the rest of the demands.

Relatedly, the attached invoice you sent us includes four claimants with arbitrations pending in CA who should be excluded from the invoice.  There are three individuals who filed in CA despite being terminated in another state, including (1) ▇▇▇▇▇▇▇ (HI) , (2) ▇▇▇▇▇▇▇ (WA), and (3) ▇▇▇▇▇▇▇ (HI).  Those three individuals should be removed from the CA claimant invoice.  Additionally, ▇▇▇▇▇▇▇ is mistakenly included twice.

Can you please send a new aggregate invoice for the CA claimants excluding the four claimants identified above?  As for the remaining non-CA claimants, unless AAA agrees to apportion the fees for those matters equally among the parties, as noted above, Twitter objects and will not front the costs for claimants.

Please let me know if you have any questions.

Thank you,
Kaiser

**Kaiser H. Chowdhry**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5230 | Main: +1.202.739.3000 | Fax: +1.202.739.3001

1