# EXHIBIT A

JAMS ARBITRATION
No. 1601002295

**FABIEN HO CHING MA,**

    **Claimant,**

    v.

**TWITTER, INC. and X Corp.,**

    **Respondents.**

## ORDER NO. 1 (SCHEDULING)

A preliminary conference was conducted via Zoom on June 23, 2023; this order shall govern the conduct of this arbitration.

1.    <u>Parties and Counsel.</u> The parties to this arbitration are identified in the caption and are represented as follows:

Shannon Liss-Riordan, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Phone: 617-994-5800
Fax: 617-994-5801
sliss@llrlaw.com
Counsel for Claimant

1

Brad Manewith, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Phone: 617-994-5800
Fax: 617-994-5801
bmanewith@llrlaw.com
Counsel for Claimant

Matthew Carrieri, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Phone: 617-994-5800
Fax: 617-994-5801
mcarrieri@llrlaw.com
Counsel for Claimant

Sari M. Alamuddin, Esq.
Morgan, Lewis & Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Phone: 312.324.1158
Fax: 312.324.1001
sari.alamuddin@morganlewis.com
Counsel for Respondent

Kaiser H. Chowdhry, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Phone: 202-739-3000
Fax: 202-739-3001
kaiser.chowdhry@morganlewis.com
Counsel for Respondent

2. <u>Arbitrator</u>. The parties have appointed as sole arbitrator:

Hon. James C. Francis IV (Ret.)
JAMS
620 Eighth Avenue, 34th Floor
New York, NY 10018
(917) 273-3837 (cell)
jfrancis@jamsadr.com

3. <u>Case Manager</u>. The responsible case manager is:

Catrina Barnes
JAMS
620 Eighth Avenue, 34th Floor
New York, NY 10018
(212) 607-2785
cbarnes@jamsadr.com

4. <u>Agreement to Arbitrate</u>. This matter is in arbitration pursuant to the Twitter Dispute Resolution Agreement ("DRA") attached as Exhibit B to the Demand for Arbitration.

5. <u>Applicable Law and Rules</u>. The Arbitrator shall apply the Federal Arbitration Act. The applicable substantive law is the law of the State of New York (subject to any future argument the parties may make). On June 21, 2023, JAMS notified the parties that the JAMS Employment Arbitration Rules and Procedures (the "JAMS Rules") and the JAMS Employment Minimum Standards govern this action. Respondent disputes the applicability of the Minimum Standards to the extent they conflict with the terms of the DRA. As set forth in their letter dated June 28, 2023, Respondent's position – to which Claimant objects – is that JAMS' decision prevents Respondent from exercising its contractual rights and improperly negates a material provision in the DRA should Respondent proceed in accordance with that decision. For this reason and based upon JAMS' recent June 21 determination, Respondent declines to proceed under the Minimum Standards for all demands in jurisdictions, like this one, where it contends that fee-sharing is lawful. The parties agree that Respondent is submitting this joint updated agenda expressly subject to and without waiving Respondent's right to assert that it is

3

declining to proceed under the Minimum Standards to the extent they conflict with the DRA, in which case Respondent understands that JAMS will decline to continue to administer the arbitration, as stated in its June 21, 2023, letter.

      6.     <u>Claims of the Parties and Arbitrability</u>. Claimant has set forth his claims in the Demand for Arbitration and in the complaint attached thereto as Exhibit A. In short, Claimant contends that he was laid off by Respondent and denied severance benefits when he did not register his assent to a message sent by the new owner of that company. He asserts claims of breach of contract and promissory estoppel. Respondent has filed an Answer generally denying Claimant's allegations and asserting various defenses. The parties agree that all claims are arbitrable under the terms of the Dispute Resolution Agreement ("DRA"). *But see* Section 5 above.

      7.     <u>Discovery</u>.

      (a)     The parties shall complete the exchange of information described in Rule 17(a) of the JAMS Rules no later than July 24, 2023.

      (b)     Written responses to discovery requests shall be due within 30 days of service of the requests.

      (c)     Document discovery shall be completed by October 20, 2023.

      (e)     All fact discovery shall be completed by October 20, 2023.

      (f)     Unless otherwise agreed by the parties or ordered by the Arbitrator for good cause, discovery shall be limited to 20 Interrogatories, 25 Requests for Production, and 5 Depositions per side (no more than 4 hours each).[1]

---

[1] Without waiving any potential objections to admissibility at the Final Arbitration Hearing or other proceeding, in an effort to promote overall efficiency, the parties have agreed that any evidence produced in another court case and/or arbitration between Respondents and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C. (including deposition or hearing testimony) may be used in this arbitration without having to be requested/produced again in discovery. Similarly, the parties agree that any evidence produced in this arbitration (including

4

(g) Currently, no party anticipates presenting expert evidence in this matter.

(h) The parties will attempt in good faith to resolve any discovery disputes that arise hereafter before seeking the intervention of the Arbitrator. If any party believes it needs the intervention of the Arbitrator, counsel will write an email or letter to the Arbitrator setting forth the nature of the dispute and the party's position, with a copy to opposing counsel. Opposing counsel will have three (3) business days to respond, unless within that period counsel seeks additional time. In the alternative, both parties may together seek to convene (through the case manager) a conference call to present orally the disputed issue. Formal motions should not be filed prior to adherence to these procedures.

8.  Dispositive Motions.

**Claimant's position regarding dispositive motions:** Pursuant to JAMS Employment Rule 18, "The Request [to file a Motion for Summary Disposition of a particular claim or issue] may be granted only if the Arbitrator determines that the requesting Party has shown that the proposed motion is likely to succeed and dispose of or narrow the issues in the case." Thus, if a party chooses to file a dispositive motion, the Arbitrator shall hold a conference call with the parties and hear their brief argument as to why such a motion would be warranted or not.

---

deposition and hearing testimony) may be used in another court case and/or arbitration between Respondents and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C. without having to be requested/produced again in the other matter, subject to and without waiving any potential objections to admissibility based upon the applicable evidentiary rules in the venue where such evidence is sought to be used.

In light of this agreement outlined in the above paragraph, the parties shall reasonably and in good faith attempt to avoid requesting discovery that is unnecessarily duplicative of discovery conducted in another arbitration and/or court case. In order to depose a witness again who has already been deposed in another arbitration and/or court case in which Plaintiffs/Claimants are represented by Lichten & Liss-Riordan, P.C., the party seeking the deposition shall identify good cause to depose that witness again.

**Respondents' position regarding dispositive motions:** Pursuant to the express and governing terms of the parties' Dispute Resolution Agreement, the parties "will have the right to . . . bring dispositive motions."

**Both parties' agreement if dispositive motions are allowed:** Any dispositive motions shall be submitted to the Arbitrator no later than fourteen (14) days after the close of discovery. Responses to such motions shall be filed no later than fourteen (14) days after receipt of the motion, and replies shall be filed no later than seven (7) days after receipt of the response to the motion. The Arbitrator shall determine whether to schedule a hearing on such motion.

9. Exchange of Hearing Information.

(a) The parties shall exchange all documentary evidence, excepting only documents to be offered solely for impeachment, not later than three weeks before the first hearing day. These document designations may be supplemented not later than two weeks before the first hearing day.

(b) Counsel shall identify all non-rebuttal witnesses expected to testify at the Hearing and shall indicate the manner in which each witness is expected to testify (in-person, telephonically, or by video conference or by affidavit or declaration), not later than three weeks before the first hearing day. These witness designations may be supplemented not later than two weeks before the first hearing day.

**Claimant's position regarding the use of prior testimony.** If a witness has previously testified live at the trial or hearing in another court case and/or arbitration between Respondents and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C., the parties may agree to use that witness' recorded testimony in lieu of live testimony. A party seeking live testimony of a witness who has already testified live in a deposition and/or hearing in a previous matter in which Plaintiffs/Claimants are represented by Lichten & Liss-Riordan, P.C., shall confer with the other party to determine whether agreement may be reached regarding whether that witness will testify live again. If agreement cannot be reached, the parties may bring the matter to the Arbitrator for resolution.

**Respondent's position regarding the use of prior testimony.** If a witness has previously testified in a deposition or at the trial or hearing in another court case and/or arbitration between Respondents and Plaintiffs/Claimants represented

6

by Lichten & Liss-Riordan, P.C., the parties will agree to use that witness' testimony in lieu of live testimony from that witness (either in deposition or at a hearing) in this matter. A party seeking the testimony of a witness who has previously testified in a deposition and/or hearing in another matter in which Plaintiffs/Claimants are represented by Lichten & Liss-Riordan, P.C. shall be required to obtain prior approval from the Arbitrator and only by demonstrating good cause as to the specific reasons why that witness should be required to testify live once again.

(c)     Counsel shall file two days prior to the first hearing day a Joint Witness List including all witnesses expected to testify at the Hearing, in the approximate order in which they are anticipated to be called.

(d)     The purpose of the exchanges in this paragraph is to provide fair notice to the parties of documents and witnesses expected to be offered at the Hearing. Witnesses or documents not identified in accordance with these provisions will not be permitted to be offered at the hearing except on a showing of good cause, and particularly a showing as to why they were not so identified.

10.     Hearing Procedure.

(a)     The Hearing shall be conducted on December 18, 19, and 22, 2023, at the New York Resolution Center of JAMS, or remotely if the parties so agree. Hearings shall commence each day at 9:00 a.m. and continue to approximately 5:00 p.m., with a one-hour break for lunch.

(b)     The parties are encouraged to stipulate to agreed or uncontested facts and shall provide any stipulation to the Arbitrator at the commencement of the hearing in hard copy and electronic form (formatted to "Word").

(c)     Bifurcation of Issues. The issue of the amount of any award of attorneys' fees and costs to which any party may be entitled shall be bifurcated and determined subsequent to the Hearing. The entitlement, if any, to an award of attorneys' fees and costs shall be determined as part of the Hearing.

(d) The parties agree that no Pre-Hearing brief shall be necessary. However, either party may file a Pre-Hearing brief, if it chooses, not later than one week before the first hearing day.

(e) Hearing exhibits shall be pre-marked with consecutive Arabic numerals and a Joint Exhibit List shall be prepared. The parties shall indicate on the Joint Exhibit List any objection to the introduction of any exhibit. The Joint Exhibit List and objections shall be furnished to the Arbitrator five business days prior to the commencement of the hearing. Exhibits not objected to shall be deemed admitted at the commencement of the hearing. One set of exhibits shall be prepared for the Arbitrator and one for the witnesses in addition to copies for counsel. All exhibits will be discarded 30 days after the issuance of the Final Award unless a party requests, in writing, that the exhibits be retained or returned.

(f) Exhibits shall be provided to the Arbitrator both electronically and in hard copy five days prior to the commencement of the hearing. The exhibits provided in electronic form shall be in a format that allows for searching, printing, and copying/extraction of content.

(g) The parties are encouraged to utilize the services of a court reporter at the hearing. If any party intends to do so, notice of that intention shall be given to the other side not later than one week before the first hearing day.

(h) The parties shall advise the Arbitrator on the first hearing day of their preference as to whether they will make closing oral argument at the conclusion of the evidentiary hearing or submit post-hearing briefs. If the parties do not agree, the Arbitrator will determine the form of post-hearing argument.

(i) Award. Interim and Final Awards shall be reasoned awards prepared in accordance with the JAMS Rules and may be served by regular mail.

Should attorneys' fees be awarded by the Arbitrator, any petition for fees shall be submitted following the issuance of the Arbitrator's opinion, at the direction of the Arbitrator.

11. <u>Miscellaneous</u>.

(a) Communications with the Arbitrator. All emails directed to the Arbitrator shall be copied to the Case Manager.

(b) Cancellation fee of the Arbitrator. Counsel are referred to the JAMS policies for the deposit of fees in advance of the Hearing and for the forfeiture of fees if the Hearing is cancelled after the cut-off date.

(c) JAMS ACCESS Electronic Filing System. JAMS maintains a document platform called ACCESS. ACCESS functions in a manner similar to the ECF system used in federal district courts, i.e., filing a document on the ACCESS platform will result in the service of that document on all counsel. Counsel shall use the ACCESS platform for filing and serving documents and shall also provide documents by email to the Arbitrator.

(d) All deadlines herein shall be strictly enforced. This Order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

DATED: 6/30/23

_____
Hon. James C. Francis IV (Ret.)
Arbitrator