SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Petitioners Fabien Ho Ching Ma, Laila Amlani,
Jonathan Willis, Melissa Olson, Sasha Solomon,
Ryan Crowley, Grae Kindel, Sarah Rosen, and
Adam Treitler, on behalf of themselves
and all others similarly situated*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER, on behalf of themselves and all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC. AND X CORP., <br><br> Respondents. | Case No. 3:23-cv-3301-SK <br><br> **PETITIONERS' MOTION FOR AN EARLIER HEARING DATE ON THEIR MOTION TO COMPEL ARBITRATION AND FOR PRELIMINARY INJUNCTION** <br><br> Judge:   Magistrate Judge Sallie Kim |

Petitioners hereby respectfully request, pursuant to Local Rule 6-3, that the hearing date for their Motion to Compel Arbitration and for Preliminary Injunction be set earlier than thirty-five (35) days. Petitioners filed their Petition to Compel Arbitration on July 3, 2023, and their Amended Petition to Compel Arbitration, as well as their Motion to Compel Arbitration and for Preliminary Injunction on August 30, 2023. Through this matter, Petitioners seek to compel Respondents Twitter, Inc., and X Corp. (collectively "Twitter") to arbitrate the claims of Petitioners, and the claims of many hundreds of other former employees who Respondents have refused to proceed with under the rules set forth by Judicial Arbitration and Mediation Services ("JAMS") and the American Arbitration Association ("AAA") (the arbitration providers that Twitter agreed to). Despite compelling its former employees to arbitrate their claims against the company, Twitter has taken every opportunity to prevent many of them from actually pursuing their claims in arbitration. Specifically, Twitter has engaged in the following tactics to avoid arbitrating its former employees' claims:

1) Twitter has refused to pay the full arbitration fees for employees who worked outside California and several other states (including Nevada and Oregon), as it has been ordered to do by both arbitration providers the parties have agreed to use.

2) Twitter has refused to participate in arbitration with employees who worked in a number of states where JAMS does not have an office or arbitrators.

3) Twitter has also blocked arbitrations from proceeding that were brought by employees who do not have their own copy of their signed arbitration agreement (although Twitter obviously has them).

Under the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The responding party must be given five days' notice of any hearing on such a petition to compel arbitration, after which the court should "summarily" decide the

matter. *Id.* Here, Petitioners recognize that Local Rule 7-2(a) for the Northern District of California provides that a hearing on any motion must generally be scheduled at least thirty-five (35) days after a motion is filed. October 9, 2023, which would be the first hearing date at least thirty-five (35) days from the filing of Petitioner's Motion is a court holiday. As such, the first available hearing date is October 16, 2023. However, Petitioners' lead counsel, Shannon Liss-Riordan, begins a federal jury trial that day, which is scheduled to last at least one week. Consequently, if the hearing date is not scheduled for an earlier date, Petitioners would need to wait until November for the Court to decide their motion. Such a result would run counter to the FAA's requirement that a petition to compel arbitration be decided "summarily."

Moreover, Petitioners, and Twitter's other former employees would be prejudiced by further delaying their arbitrations. In particular, Petitioner Fabien Ho Ching Ma has an arbitration hearing scheduled to take place in December of this year. However, Twitter is refusing to pay the arbitration fees for his case, preventing Petitioner Ma from proceeding with his arbitration and preparing for his hearing by taking discovery.

As such, Petitioners ask the Court to schedule a hearing date before thirty-five (35) days have elapsed. To that end, the Court previously scheduled a Case Management Conference in this matter for October 2, 2023, at 1:30 pm., which is thirty-two (32) days from the date Petitioners filed their Motion.[1]  Petitioners request that the hearing on their Motion to Compel Arbitration and for Preliminary Injunction be scheduled for the same time, or sooner in the Court's discretion.

---

[1]  Scheduling the hearing for October 2nd would not change Twitter's response date to Petitioners' Motion. Additionally, Petitioners would agree to file their Reply quicker, if needed.

Respectfully submitted,

FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:        August 31, 2023

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document will be served on Respondents Twitter, Inc. and X Corp. by process server today. A copy will also be sent via electronic mail to Respondents' counsel.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan