MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Respondents
TWITTER INC., and X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER, | Case No. 4:23-cv-3301 |
| | **DECLARATION OF ERIC MECKLEY IN SUPPORT OF RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO COMPEL ARBITRATION** |
| Petitioners, | |
| v. | |
| TWITTER, INC., and X CORP., | |
| Respondents. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF ERIC MECKLEY ISO
OPPOSITION TO MOTION TO COMPEL
ARBITRATION CASE NO. 3:23-cv-3301

**<u>DECLARATION OF ERIC MECKLEY</u>**

Pursuant to 28 U.S.C. § 1746, I, Eric Meckley, declare as follows:

1.     I am an attorney with the law firm of Morgan, Lewis & Bockius LLP and duly licensed to practice law in the State of California and in the United States District Court for the Northern District of California.  I am counsel for Respondents Twitter, Inc. and X Corp. (as successor in interest to Twitter, Inc.) (hereinafter "Twitter") in the above-captioned matter.  I submit this Declaration in support of Respondents' Opposition to Petitioners' Motion to Compel Arbitration.  I have personal knowledge of the facts stated in this Declaration and could testify competently to them if asked to do so.

2.     In or around December 2022, an influx of claimants began filing individual demands for arbitration naming Twitter as a respondent.  The number of arbitration demands being filed accelerated exponentially over time.  To date, Twitter has received more than 2,200 individual demands for arbitration.

3.     On June 2, 2023, Twitter submitted a letter to JAMS requesting that arbitration costs be apportioned equally between the parties for any arbitrations pending in jurisdictions where fee-sharing is lawful, consistent with the terms of the parties' Dispute Resolution Agreement or "DRA."  Attached as **<u>Exhibit 1</u>** is a true and correct copy of Twitter's June 2, 2023, letter to JAMS (minus the exhibits originally submitted with that letter, which were copies of three individuals' DRAs).

4.     On June 30, 2023, JAMS' General Counsel, Sheri Eisner, wrote to counsel for Twitter and Petitioners observing that employees could elect to contribute to JAMS fees. Attached as **<u>Exhibit 2</u>** is a true and correct copy of Ms. Eisner's June 30, 2023, letter.

5.     In January 2024, counsel for Twitter and Petitioners corresponded with Tacy Zysk and Cheryl Florio of the American Arbitration Association ("AAA").  Attached as **<u>Exhibit 3</u>** is a true and correct copy of a chain of these emails.

6.     Twitter has received more than 200 demands for arbitration that lacked a signed version of the individual claimant's DRA.

7.     On June 12, 2023, counsel for Petitioners, Shannon Liss-Riordan, forwarded to me

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DECLARATION OF ERIC MECKLEY ISO
OPPOSITION TO MOTION TO COMPEL
ARBITRATION CASE NO. 3:23-cv-3301

and other counsel for Twitter an email with the subject line "Request for Twitter arbitration agreements," which she claimed to have sent to the email address: PeopleQuestions@twitter.com. Attached as **Exhibit 4** is a true and correct copy of that forwarded email and the .xls attachment that it contained, although in the attachment, we have redacted the identifying information of 160 individuals who are not named Petitioners in this proceeding.

8.    I am aware that Petitioners' counsel has an internet-based form to solicit clients for claims against Twitter.  I have accessed and reviewed that form and attached as **Exhibit 5** is a true and correct copy of the form available on Petitioners' counsel website, https://www.twitterlayofflawsuit.com/.

9.    Unless and until Petitioners' counsel provides evidence of authorizations to support their record requests, Twitter and its counsel have no way of knowing whether the employees whose records are at issue have actually and knowingly authorized the release of those records to Petitioners' counsel.

10.    Other attorneys representing other former Twitter employees have regularly provided their clients' written authorizations in requesting signed copies of those employees' arbitration agreements, and Twitter's counsel has timely provided arbitration agreements in response to requests by other counsel that were supported by such written authorizations from employees.

11.    To date, Petitioners' counsel has not provided any evidence of written authorization from the relevant employees to support the personnel record requests reflected in Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February, 2024, in San Francisco, California.

_Eric Meckley_

_____
Eric Meckley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DECLARATION OF ERIC MECKLEY ISO
OPPOSITION TO MOTION TO COMPEL
ARBITRATION CASE NO. 3:23-cv-3301

# EXHIBIT 1

# Morgan Lewis

**Sari M. Alamuddin**
Partner
+1.312.324.1158
sari.alamuddin@morganlewis.com

June 2, 2023

**SERVICE VIA EMAIL**

Sheri Eisner
Senior Vice President, General Counsel
JAMS

Re:     **Twitter Arbitrations - Contractually Required Fee Sharing**

Dear Ms. Eisner,

There are approximately 2,000 demands against X Corp. as successor in interest to Twitter, Inc. ("Twitter") pending with JAMS.[1]  To date, JAMS has been issuing all non-Case Management Fee invoices to Twitter only, ostensibly per Standard No. 6 from *JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness* ("*Minimum Standards*"). However, Standard No. 6 is merely a default rule (superseded by the parties' contract) that simply seeks to ensure that "access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration."  Upon information and belief, the Claimants in these cases are able to bear the costs of arbitration.  Indeed, in most jurisdictions, it is lawful for arbitration costs to be apportioned equally between the parties to an arbitration unless a claimant can show that they face such high costs that they are "effectively precluded from vindicating" their claims.  *See, e.g.*, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. 2003).

Likewise, the unambiguous terms of the Dispute Resolution Agreement ("DRA") between the parties in these actions provides:

> Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law, However, in all cases **where required by law**, the Company will pay the Arbitrator's and arbitration fees.  **If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes**

---

[1] Nearly all of these demands have been brought by the four law firms copied on this correspondence.

**Morgan, Lewis & Bockius LLP**

110 North Wacker Drive
Chicago, IL  60606-1511
United States

**T** +1.312.324.1000
**F** +1.312.324.1001

Sheri Eisner
June 2, 2023
Page 2

> ***in that regard will be resolved by the Arbitrator***.  *See* Exhibits A-C,
> Dispute Resolution Agreements, ¶ 6 (emphasis added).[2]

The agreement between the parties requires that arbitration fees be apportioned between the parties in accordance with applicable law and makes clear that Twitter "is not required to pay all of the Arbitrator's and/or arbitration fees" **unless** the applicable jurisdiction's law so requires. Moreover, any dispute regarding fee sharing must be raised with individual arbitrators for resolution.  Based on our review to date, the following states in which demands against Twitter have been filed <u>do not</u> require Twitter to "pay all of the Arbitrator's and/or arbitration fees:

| | |
|---|---|
| Arizona | Colorado |
| District of Columbia | Florida |
| Georgia | Illinois |
| Massachusetts | Michigan |
| Minnesota | Missouri |
| New Jersey | New York |
| North Carolina | Oklahoma |
| Pennsylvania | Texas |
| Washington | Wisconsin[3] |

Therefore, all non-Case Management arbitration fees should be apportioned equally among the parties in any of the above-mentioned jurisdictions.[4]  If a claimant disagrees with the fee-

---

[2] These exhibits contain an exemplar DRA for a claimant represented by three of the four law firms copied on this correspondence.  The DRAs submitted with Outten & Golden's demands are password protected and therefore not included, but they contain identical language, in relevant part.

[3] *See, e.g., Shankle v. B-G Maintenance Mgmt. of Colorado, Inc.*, 163 F.3d 1230 (10th Cir. 1999) (**Colorado and Oklahoma**); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255 (11th Cir. 2003) (**Florida and Georgia**); *Bekele v. Lyft, Inc.*, 918 F.3d 181 (1st Cir. 2019) (**Massachusetts**); *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553 (7th Cir. 2003) (**Illinois and Wisconsin**); *Faber v. Menard, Inc.*, 367 F.3d 1048 (8th Cir. 2004) (**Missouri and Minnesota**); *Bradford v. Rockwell Semiconductor Systems, Inc.*, 238 F.3d 549 (4th Cir. 2001) (**North Carolina**); *Blair v. Scott Specialty Gases*, 283 F.3d 595 (3d Cir. 2002) (**New Jersey and Pennsylvania**); *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234 (5th Cir. 2013) (**Texas**); *Clark v. Renaissance W., L.L.C.*, 232 Ariz. 510 (2013) (**Arizona**); *Andresen v. Intepros Fed., Inc.*, 240 F. Supp. 3d 143(D.D.C. 2017) (**District of Columbia**); *Rembert v. Ryan's Family Steak Houses, Inc.*, 235 Mich. App. 118 (1999) (**Michigan**); *Credit Suisse First Boston Corp. v. Pitofsky*, 4 N.Y.3d 149 (2005) (**New York**); *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446 (2002) (**Washington**).

[4] Fee-splitting should apply to any future demands filed in other jurisdictions where fee-splitting is lawful.

Sheri Eisner
June 2, 2023
Page 3

sharing, they have a contractual right to raise a fee dispute in these jurisdictions with individual arbitrators, who will resolve the dispute according to applicable law.[5]

      For these reasons, Twitter requests that JAMS apportion all non-Case Management fee invoices equally among the parties to an arbitration in any jurisdiction where the law does not require that Twitter cover all arbitration fees and costs.

      Further, Twitter has agreed to arbitrate certain demands to date solely to allow case administration to proceed in these mass arbitrations.  Any such agreement does not constitute a waiver of Twitter's contractual rights under the DRA with respect to fees, and Twitter reserves the right to enforce the DRA in existing cases and any future cases.


Sincerely,


/s/


Sari M. Alamuddin

SMA
c:  Dixon Diab & Chambers LLP
    Outten & Golden LLP
    Lichten & Liss-Riordan, P.C.
    Kamerman, Uncyk, Soniker & Klein, P.C.

---

[5] JAMS' "Notice to all Parties" issued upon case initiation similarly contemplates that parties may take issue with JAMS' *Minimum Standards* and, in those cases, the issue will be directed to the arbitrator, once appointed, for further review and consideration.

# EXHIBIT 2



NOTICE TO ALL PARTIES                                                                    June 30, 2023

       **RE:**    **Response to Twitter, Inc.'s Letter of June 28, 2023**

Dear Parties:

This responds to Mr. Sari Alamuddin's letter of June 28, in which he advises that Respondent declines to proceed under the Minimum Standards for all Demands in jurisdictions where fee sharing is lawful.

Our June 21 notice to the parties stated in part as follows:

> The Minimum Standards do not prevent an employee from contributing to JAMS fees (see the Comment under Standard No. 6). However, absent employee agreement JAMS will continue to issue invoices in these matters consistent with Standard No. 6.

If any Claimants listed in the attachment to Mr. Alamuddin's letter wish to waive Standard No. 6 of the Minimum Standards and to share JAMS fees according to the underlying arbitration clause, they should advise JAMS and Respondent accordingly.

Sincerely,

*/s/ Sheri Eisner*

Sheri Eisner
Senior Vice President, General Counsel
Co-Chair, JAMS National Arbitration Committee

# EXHIBIT 3

| | |
|---|---|
| **From:** | AAA Tacy Zysk <TacyZysk@adr.org> |
| **Sent:** | Wednesday, January 17, 2024 11:16 AM |
| **To:** | Shannon Liss-Riordan; Chowdhry, Kaiser H.; Schnell, Hannah V.; Thomas Fowler; Meckley, Eric; Berry, Brian D.; Cherry, Ashlee N.; Bradley Manewith; Wallace, Thomas Cullen; Alamuddin, Sari M.; Stephenson, Kassia; Lichten & Liss-Riordan, P.C.; Hannah Paxton; Twitter Arbitration Demands Team (Intake); Margaret Born |
| **Cc:** | AAA Cheryl Florio |
| **Subject:** | AAA Caseload No. 01-23-0002-1341  RE:  AAA Notification of 133 Individual Case Closures    Individual Claimants v. Twitter, Inc. and X Corp |
| **Attachments:** | Arbitrator Selection Fees Past Due, Cases closed (1-17-2024).xlsx; Post Dispute Submissions Not Received (1-17-2024).xlsx |

[EXTERNAL EMAIL]
Dear Counsel,

<u>115 Arbitrator Selection Process Fees Not Received:</u>

This confirms we have not received Respondent's portion of Arbitrator Selection Process Fees totaling **$201,250** for the 115 cases listed on the attached spreadsheet entitled "Arbitrator Selection Fees Past Due, Cases closed". In accordance with AAA correspondence dated December 27, 2023, these 115 cases are being administratively closed for Respondent's non-payment of AAA administrative fees. Inasmuch as AAA collected Claimants' portion of Arbitrator Selection Process fees totaling $11,500 for these cases, those amounts will be refunded to Claimants at this time.

We note Claimants' forthcoming refund will be $11,600, rather than $11,500, because Claimants counsel also remitted an additional $100 Arbitrator Selection Process Fee on a duplicate filing that is *not* reflected on the attached spreadsheet (#240 Umashanthi Pavalanathan). That case has been closed as a duplicate filing (and not for Respondent's non-payment), and its Arbitrator Selection Process Fee will be refunded to Claimant with the other 115 fees.

<u>18 Agreements to Arbitrate with AAA Not Received:</u>

Finally, this also confirms that we have not received Respondent's agreement to utilize AAA's Rules and Fee Schedule for the 18 Claimants listed on the attached spreadsheet entitled "Post Dispute Submissions Not Received".  Accordingly, those 18 cases are being closed at this time for AAA's lack of authority to administer them.

Please contact us with any questions.

Thank you,

 **AAA Tacy Zysk**
**Director of ADR Operations**

American Arbitration Association

T: 401 431 4711  E: TacyZysk@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Thursday, January 04, 2024 3:41 PM
**To:** Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; AAA Tacy Zysk <TacyZysk@adr.org>; Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

**\*\*\* External E-Mail – Use Caution \*\*\***

Kaiser and Tacy:

We stand by our prior objection to Claimants paying any share of the arbitrator fees, other than the initial filing fees, pursuant to AAA's rules and specific ruling in this case.

We ask that AAA proceed with administering these arbitrations pursuant to its rules.

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

**From:** Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>
**Sent:** Thursday, January 4, 2024 3:29 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; Shannon Liss-Riordan <sliss@llrlaw.com>; Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton

<hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake)
<TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

Tacy,

We continue to believe that, outside of CA/NA/OR, the parties' contract requires fee sharing at the outset unless or until an arbitrator orders otherwise.  Thus, in our view, AAA's position, which requires Twitter to front arbitration costs for a large number of Claimants until an arbitrator rules otherwise, is inconsistent with the parties' contract.

That said, AAA's position is clear that each merits arbitrator has the authority to decide the fee sharing issue and whatever ruling an arbitrator issues will control and supplant AAA's default fee schedule practices at that time.  Accordingly, in order to move these matters along, Twitter is willing to temporarily front Claimants' share of the costs and pay the $201,250 deposit in these cases **but only if** the impacted Claimants and their counsel agree that they will (1) comply with any ruling from an arbitrator regarding fee sharing; and (2) if ordered, reimburse Twitter for costs that it fronts on Claimants' behalf prior to a fee sharing ruling.  Based on comments that counsel made during prior calls between the parties and AAA, we have genuine concerns that many claimants have no intention to ever pay for a portion of the arbitration costs regardless of what our contract says and/or what an arbitrator may order them to do.  Given the sheer volume of claims at issue, this is a significant risk and financial outlay that Twitter cannot accept without some assurances on the front end.

We look forward to opposing counsel's response.  If they agree, in writing, we will initiate the deposit payment, although we will likely need some additional time for processing.

Thank you,

Kaiser

**Kaiser H. Chowdhry**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5230 | Main: +1.202.739.3000 | Fax: +1.202.739.3001
Assistant: Roslyn J. Braden | +1.202.739.5781 | roslyn.braden@morganlewis.com
kaiser.chowdhry@morganlewis.com | www.morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** AAA Tacy Zysk <TacyZysk@adr.org>
**Sent:** Wednesday, December 27, 2023 2:26 PM
**To:** 'Shannon Liss-Riordan' <sliss@llrlaw.com>; Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia

<kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

[EXTERNAL EMAIL]
Dear Counsel,

This confirms AAA's receipt of the below exchange wherein the parties disagree as to the next steps.

Upon review of the comments, it appears the parties disagree on the status of cases with locales outside of California, Nevada, and Oregon, and Respondent further notes they do not intend to pay any AAA fees for those cases at this time.

Inasmuch as there is no longer a mutual agreement to stay these cases, AAA's administration of these cases will proceed.

Twitter's objection to AAA's Employment/Workplace Mass Arbitration Administrative Fee Schedule for demands filed outside of California, Nevada, and Oregon has been noted. It was previously mutually agreed by the parties that the individual Merits Arbitrators, rather than a Process Arbitrator, would make determinations on the applicable AAA Fee Schedule in each of the individual cases (see AAA correspondence dated August 8, 2023 confirming an Administrative Conference call held August 4, 2023). In order to proceed to this step, the AAA must appoint Merits Arbitrators to serve on these cases, which requires the parties' payment of the individual, per-case Arbitrator Selection Process Fees.

As previously confirmed, the AAA is already in receipt of Claimant's portion of Arbitrator Selection Process Fees for these matters. Accordingly, unless a party makes a request to put the fee/cost sharing dispute before a single Process Arbitrator for determination, then Respondent's balance of AAA Arbitrator Selection Process Fees for appointment of the Merits Arbitrators, totaling **$201,250,** remains due and payable by **January 15, 2023**. We note that if Respondents believe these AAA arbitration fees have been incorrectly assessed to them, they may seek recovery of their payments from Claimants by raising the issue to the Merits Arbitrators in the individual actions for final determinations. However, absent AAA's receipt of Respondent's balance of Arbitrator Selection Process Fees by **January 15, 2023**, those matters will be administratively closed for Respondent's non-payment.

Regarding the cases where AAA does not yet have jurisdiction to administer, we note that if the AAA does not receive Respondent's confirmation they agree to AAA's administration of the 41 cases, those matters will be administratively closed for AAA's lack of authority to administer them. Respondent's deadline to submit any post-dispute agreements to arbitrate any or all of these 41 cases with AAA is **January 15, 2023.**

Please contact us (TacyZysk@adr.org and CherylFlorio@adr.org) with any questions.

Sincerely,



**AAA Tacy Zysk**
**Director of ADR Operations**

American Arbitration Association

T: 401 431 4711  E: TacyZysk@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Friday, December 22, 2023 3:18 PM
**To:** Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

### *** External E-Mail – Use Caution ***

My email simply pointed out that on December 12, 2023, Twitter agreed to lift the stay on all of our cases and have invoices be due on Jan. 15, 2024. If Twitter is continuing to refuse to pay the invoices outside California/Nevada/Oregon (despite Claimants' contention that we should press ahead on all cases), AAA should simply tell us what is happening with those other cases so we can inform the court.

Thank you.

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

**From:** Schnell, Hannah V. <hannah.schnell@morganlewis.com>
**Sent:** Friday, December 22, 2023 3:12 PM
**To:** Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

Dear Ms. Florio,

Twitter has not agreed to proceed with and pay Claimants' share of the arbitration costs for demands filed outside of California, Nevada, and Oregon by January 15, 2024 (or otherwise).

To start, Twitter has never waived its objections to AAA's Employment/Workplace Mass Arbitration Administrative Fee Schedule for demands outside California, Nevada, and Oregon. To the contrary, Twitter has consistently objected to any proposal that would disregard the terms of the parties' dispute resolution agreements and improperly require Twitter to front all arbitration fees. *See, e.g.*, **Attachment 1**, Email Chain Between AAA, Claimants' Counsel, and Respondent's Counsel, 8.28.23 Email from K. Chowdhry. And its position has not changed. Given the ongoing fee sharing dispute, on September 8, 2023, AAA indicated that it would cease administration of all disputed arbitrations, i.e., all non-CA/NV/OR arbitrations. *See* **Attachment 1**, 9.8.23 Email from C. Florio. From that point on, only CA/NV/OR demands proceeded (i.e., were "pending") and are currently being administered by AAA.

On September 15, 2023, the parties jointly submitted a letter to AAA requesting it to stay all pending matters. If and when that stay was lifted it would put the parties in the same position they were in when the stay was implemented, nothing more and nothing less. That is how a stay works. Ms. Liss-Riordan's suggestion that, in lifting the stay, Twitter has somehow withdrawn its objection regarding non-CA/NV/OR claimants is disingenuous. Indeed, the Lichten & Liss-Riordan firm is actively litigating the fee sharing issue on behalf of the non-CA/NV/OR AAA claimants it represents in a pending federal court action. *See Fabien Ho Ching Ma et al. v. Twitter, Inc. et al.*, Case No. 3:23-cv-03301-SK, N.D. Cal, filed on August 31, 2023.

Accordingly, AAA should cease invoicing Twitter for any fees/costs associated with arbitrations outside California, Nevada, and Oregon and where a claimant's locale is in dispute until the fee dispute is resolved. The list of Lichten & Liss-Riordan cases provided to AAA with the September 15 stay letter included the Claimants' filling locations, allowing AAA to easily identify which cases are subject to the fee sharing dispute. *See* **Attachment 2**, Chart with LLR AAA Claimants.

Please let us know if you have any questions or would like any additional information.

Thank you,

**Hannah V. Schnell**
**Morgan, Lewis & Bockius LLP**
600 Anton Boulevard, Suite 1800 | Costa Mesa, CA 92626-7653
Direct: +1.714.830.0464 | Main: +1.714.830.0600 | Fax: +1.714.830.0700
hannah.schnell@morganlewis.com | www.morganlewis.com



150 YEARS OF RAISING THE BAR



---

**From:** Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>
**Sent:** Wednesday, December 20, 2023 6:42 PM
**To:** Shannon Liss-Riordan <sliss@llrlaw.com>; AAA Cheryl Florio <CherylFlorio@adr.org>; Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>

**Subject:** Re: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

Respondent disagrees and will submit a more formal response soon.

Thank you,
Kaiser

**Kaiser H. Chowdhry**
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5230 | Main: +1.202.739.3000 | Cell: 443.745.0393 | Fax: +1.202.739.3001
kaiser.chowdhry@morganlewis.com | www.morganlewis.com
Assistant: Roslyn J. Braden | +1.202.739.5781 | roslyn.braden@morganlewis.com

---

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Wednesday, December 20, 2023 8:31:45 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

[EXTERNAL EMAIL]
Dear Ms. Florio:

Claimants are ready to proceed with all cases we have filed.  The parties agreed to lift the stays on all cases and have the outstanding fees be due on January 15, 2024.

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

---

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Wednesday, December 20, 2023 11:37 AM
**To:** Schnell, Hannah V. <hannah.schnell@morganlewis.com>; Shannon Liss-Riordan <sliss@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake)

<[TwitterArbitrationDemandsTeamIntake@morganlewis.com](mailto:TwitterArbitrationDemandsTeamIntake@morganlewis.com)>; Margaret Born <[mborn@llrlaw.com](mailto:mborn@llrlaw.com)>
**Cc:** AAA Cheryl Florio <[CherylFlorio@adr.org](mailto:CherylFlorio@adr.org)>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

Dear Counsel,

This acknowledges receipt of the below email dated December 14, 2023, at this time we request the comments of Claimant with respect to Respondent's email. Said comments are to be received by the AAA on or before December 22, 2203.

Sincerely,

Cheryl

 **AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4779  F: 866 644 0234  E: CherylFlorio@adr.org
16 Market Square 1400 16th Street, Suite 400, Denver, CO
80202
[adr.org](http://adr.org) | [icdr.org](http://icdr.org) | [aaamediation.org](http://aaamediation.org)



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Schnell, Hannah V. <[hannah.schnell@morganlewis.com](mailto:hannah.schnell@morganlewis.com)>
**Sent:** Thursday, December 14, 2023 1:54 PM
**To:** AAA Cheryl Florio <[CherylFlorio@adr.org](mailto:CherylFlorio@adr.org)>; 'Shannon Liss-Riordan' <[sliss@llrlaw.com](mailto:sliss@llrlaw.com)>; Thomas Fowler <[tfowler@llrlaw.com](mailto:tfowler@llrlaw.com)>; Meckley, Eric <[eric.meckley@morganlewis.com](mailto:eric.meckley@morganlewis.com)>; Berry, Brian D. <[brian.berry@morganlewis.com](mailto:brian.berry@morganlewis.com)>; Cherry, Ashlee N. <[ashlee.cherry@morganlewis.com](mailto:ashlee.cherry@morganlewis.com)>; Bradley Manewith <[bmanewith@llrlaw.com](mailto:bmanewith@llrlaw.com)>; Wallace, Thomas Cullen <[cullen.wallace@morganlewis.com](mailto:cullen.wallace@morganlewis.com)>; Alamuddin, Sari M. <[sari.alamuddin@morganlewis.com](mailto:sari.alamuddin@morganlewis.com)>; Stephenson, Kassia <[kassia.stephenson@morganlewis.com](mailto:kassia.stephenson@morganlewis.com)>; Chowdhry, Kaiser H. <[kaiser.chowdhry@morganlewis.com](mailto:kaiser.chowdhry@morganlewis.com)>; Lichten & Liss-Riordan, P.C. <[twitterlawsuit@llrlaw.com](mailto:twitterlawsuit@llrlaw.com)>; Hannah Paxton <[hpaxton@llrlaw.com](mailto:hpaxton@llrlaw.com)>; Twitter Arbitration Demands Team (Intake) <[TwitterArbitrationDemandsTeamIntake@morganlewis.com](mailto:TwitterArbitrationDemandsTeamIntake@morganlewis.com)>; Margaret Born <[mborn@llrlaw.com](mailto:mborn@llrlaw.com)>
**Subject:** RE: AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Florio,

Thank you for confirming receipt of the parties' December 12 correspondence.  To clarify, the 112 non-California arbitrations and the 3 arbitrations in which the locale is disputed remain subject to the ongoing fee sharing dispute.  The lifting of the stay does not impact any cases that are part of the ongoing fee sharing dispute.  Therefore, Respondent

maintains its objection to paying any invoices for the 112 non-California arbitrations and the 3 arbitrations in which the locale is disputed until the fee sharing dispute is resolved.

Once Respondent confirms that all 41 cases with outstanding agreements are not part of the fee sharing dispute matters, we will execute and return the agreements.

Please let us know if you have any questions.

Thank you,

**Hannah V. Schnell**
**Morgan, Lewis & Bockius LLP**
600 Anton Boulevard, Suite 1800 | Costa Mesa, CA 92626-7653
Direct: +1.714.830.0464 | Main: +1.714.830.0600 | Fax: +1.714.830.0700
hannah.schnell@morganlewis.com | www.morganlewis.com



150 YEARS OF RAISING THE BAR

( Learn More )

---

**From:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Sent:** Thursday, December 14, 2023 11:26 AM
**To:** 'Shannon Liss-Riordan' <sliss@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Cc:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Subject:** AAA Caseload No. 01-23-0002-1341 RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

[EXTERNAL EMAIL]
Dear Counsel,

This acknowledges receipt of the below email dated December 12, 2023, and confirms that the parties do not need to file this correspondence in each individual matter.

As this caseload is now reactivating, we are renewing our request for the following items:

1. **41 Agreements to Arbitrate with AAA:** The AAA is not in receipt of Respondents' executed Post-Dispute Submissions to Arbitrate with AAA under AAA's Employment Rules and Mass Arbitration Supplementary Rules for 41 cases. AAA's most recent request for these agreements was dated August 8, 2023, and returned by Claimants only.  We hereby renew our request for Respondents' agreement to arbitrate these 41 cases with AAA. Please review the attached list ("2023 12 14 Post Dispute Submissions Required […]"), and sign the attached letter ("2023 12 14  Renewed AAA Request […]") on page 2;

**1(a). Initial Filing Fees x 41:** Please note the AAA has not yet requested the parties' initial filing fees for the 41 cases noted above. Upon receipt of the fully executed letters agreeing to AAA's administration of these 41 cases, the AAA will proceed with requesting the parties' initial filing fees;

2. **Respondent's Arbitrator Selection Fees Balance x 115**:  The AAA is in receipt of the 259 previously requested arbitrator selection fees for all pending arbitrations from Claimants. The AAA is also in receipt of 143 arbitrator selection fees from Respondents earmarked for the 143 cases with undisputed California locales, as listed on the attached spreadsheet ("2023 12 14 Status of Respondents Arbitrator Selection Fee Payments"). Accordingly, Respondents currently owe AAA a balance of arbitrator selection fees in the amount of **$201,250.00** (for the 112 non-California arbitrations, and the 3 arbitrations in which the locale is disputed). Respondents' aggregate invoice and corresponding Arbitrator Selection Fees spreadsheet will follow immediately under separate cover, and those fees are due to AAA in full by **January 15, 2024**.

*Next Steps:*

In the meantime, the AAA is in receipt of all parties' arbitrator selection fees for 143 cases in which the California locale is not in dispute. As such, the AAA will proceed with furnishing an aggregate arbitrator selection list for these cases for the appointment of the Merits arbitrators in accordance with our correspondence dated August 8, 2023.  Please note that correspondence confirms: *"The AAA will issue aggregate selection lists for the parties' consideration. As requested by the parties, the AAA will not initially limit the parties' strikes for the aggregate selection lists.  However, if the parties' submitted selection lists do not yield enough arbitrators to serve, then the AAA will direct the parties to release strikes at that time."*

Regarding the seven (7) cases currently being administered by Nicholas Truesdale-Greil in which the arbitrator selection process was either already initiated or completed, this confirms Mr. Truesdale-Greil will be contacting the individual arbitrators to notify them their cases are reactivated, and/or will confirm a new deadline for the parties to submit any currently outstanding arbitrator selection documents, if applicable.

Please let us know if you have any questions.

Thank you,
Tacy Zysk on behalf of,



**AAA Cheryl Florio**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4779  F: 866 644 0234  E: CherylFlorio@adr.org
16 Market Square 1400 16th Street, Suite 400, Denver, CO 80202
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Shannon Liss-Riordan <sliss@llrlaw.com>
**Sent:** Tuesday, December 12, 2023 4:12 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Berry, Brian D.

<brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** RE: Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

### *** External E-Mail – Use Caution ***

Dear Cheryl:

The parties hereby jointly request lifting of the stay in all LLR matters against X Corp./Twitter.  Additionally, the parties have met and conferred and agreed to extend the deadline for the payment of initial case fees to January 15, 2024.  In that vein, we hereby request that AAA reissue any pending invoice for payment.

Please advise whether we need to file this correspondence in each individual case, and if so, we will take steps to do so.

Thank you,

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

**From:** Stephenson, Kassia <kassia.stephenson@morganlewis.com>
**Sent:** Friday, September 15, 2023 7:03 PM
**To:** CherylFlorio@adr.org
**Cc:** Shannon Liss-Riordan <sliss@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Meckley, Eric <eric.meckley@morganlewis.com>; Stephenson, Kassia <kassia.stephenson@morganlewis.com>; Berry, Brian D. <brian.berry@morganlewis.com>; Cherry, Ashlee N. <ashlee.cherry@morganlewis.com>; Bradley Manewith <bmanewith@llrlaw.com>; Wallace, Thomas Cullen <cullen.wallace@morganlewis.com>; Alamuddin, Sari M. <sari.alamuddin@morganlewis.com>; Chowdhry, Kaiser H. <kaiser.chowdhry@morganlewis.com>; Maria Jose Cedeno <mjcedeno@llrlaw.com>; Lichten & Liss-Riordan, P.C. <twitterlawsuit@llrlaw.com>; Hannah Paxton <hpaxton@llrlaw.com>; Twitter Arbitration Demands Team (Intake) <TwitterArbitrationDemandsTeamIntake@morganlewis.com>; Margaret Born <mborn@llrlaw.com>
**Subject:** Joint Letter Regarding Stay of All Pending Arbitrations Between X Corp./Twitter and LLR Claimants

Ms. Florio,

Please see attached for the Parties' joint letter to AAA regarding the Parties' agreement to a stay of all pending arbitrations.  Please let us know if you have any questions or need anything further.

Thank you,

**Kassia Stephenson**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1349 | Main:+1.415.442.1000 | Fax: +1.415.442.1001
kassia.stephenson@morganlewis.com| www.morganlewis.com
Assistant: Lilliam Quave | +1.415.442.1587 | lilliam.quave@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

# EXHIBIT 4

| | |
|---|---|
| **From:** | Shannon Liss-Riordan <sliss@llrlaw.com> |
| **Sent:** | Monday, June 12, 2023 2:19 PM |
| **To:** | PeopleQuestions@twitter.com |
| **Cc:** | Alamuddin, Sari M.; Chowdhry, Kaiser H.; Bradley Manewith; Margaret Born |
| **Subject:** | Request for Twitter arbitration agreements |
| **Attachments:** | 2023.06.12 LLR Twitter Clients Without Signed Arbitration Agreements.xls |

To Whom it May Concern:

Our firm represents the attached list of 161 former Twitter employees.  On their behalf, I hereby request that Twitter provide a copy of each of these employees' signed Dispute Resolution Agreements, if they signed one (as well as a copy of any opt-out request from the agreement, if any of these employees opted out of the DRA).

Thank you,

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com
www.llrlaw.com

| Client ID | First Name | Last Name |
|---|---|---|



540085496 Ryan   Crowley





# EXHIBIT 5

# L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

HAROLD L. LICHTEN×△●
SHANNON LISS-RIORDAN×△●
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×
THOMAS P. FOWLER×●
_____
OLENA SAVYTSKA×
MICHELLE CASSORLA×^○
ZACHARY RUBIN×●^●
MATTHEW PATTON×
KRYSTEN CONNON^●
MATTHEW CARRIERI×
BENJAMIN J. WEBER×□ OF COUNSEL

**ATTORNEYS AT LAW**

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS  02116
——————————————
TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM
_____

× ADMITTED IN MASSACHUSETTS
△ ADMITTED IN CALIFORNIA
● ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
● ADMITTED IN CONNECTICUT
○ ADMITTED IN DISTRICT OF COLUMBIA
□ ADMITTED IN TENNESSEE

## RETAINER AGREEMENT

I hereby authorize the law firm Lichten & Liss-Riordan, P.C. to represent me in my claims against Twitter regarding my separation of employment.

I understand that the firm may seek to represent a class of employees, and I agree to cooperate as needed with the litigation (or arbitration, if it is determined that my claim must be individually arbitrated). I understand that the firm will pursue this case on a complete contingent fee basis, in which the employees will not be charged an hourly rate for the firm's work on the case. In the event of settlement, judgment, or arbitration award in the employees' favor, the firm would be entitled to one third (1/3) of the gross amount that is recovered beyond the amount that Twitter has already offered to employees, subject to court or arbitrator approval if the settlement is on a classwide basis.  Should the case resolve before the firm has engaged in any discovery or individual arbitrations for any employees, the firm would not seek more than one quarter (1/4) of the gross amount recovered beyond that amount that Twitter has already offered to employees.  This gross amount would include any attorneys' fees that the firm recovers through court order, arbitration award, or settlement.  In the event that attorneys' fees are awarded by the court or arbitrator, or received as part of a negotiated settlement, and these fees exceed this 1/3 contingency, the firm could accept payment of the attorneys' fees instead of the contingent amount. I also understand that, in addition to attorneys' fees, the firm would be entitled to recover from any judgment or settlement fund all expenses it has paid related to the litigation. I understand that the firm may associate with other counsel. If I am not a prevailing party in this matter, I will not be responsible for reimbursing the firm for attorneys' fees or for the expenses that the firm has paid related to the litigation. I understand that the firm may decline to proceed if the firm concludes that my claims are not viable.

Signature: _____

Printed name: _____

Home address: _____

Home/cell phone: _____

# L I C H T E N   &   L I S S - R I O R D A N , P.C.

E-mail address: _____

Today's date: _____

Position and approximate dates you were employed by Twitter:

_____

Please check if you were:

Laid off \_\_\_\_    Terminated \_\_\_\_    Resigned \_\_\_\_    Other \_\_\_\_\_  (please describe below)

Date you were notified of your layoff or termination, or date you resigned: _____

Official date of separation (date you were, or told you would be, paid through, even if you don't sign a severance agreement):

_____

If you were terminated, please tell us what reason you were given and what you believe the real reason to be.  If you resigned, please tell us if you did so by not accepting Musk's Nov. 17 5:00 PM ultimatum.

_____

_____

_____

Have you been given a severance agreement?  Yes \_\_\_\_\_  No \_\_\_\_\_
If so, what severance was offered?  _____
If so, did you sign the severance agreement?   Yes \_\_\_\_\_  No \_\_\_\_\_

Are you bound by an arbitration agreement with Twitter?

Yes \_\_\_\_  No \_\_\_\_  I don't know \_\_\_\_\_

If no, did you opt of arbitration?   Yes \_\_\_\_\_  No \_\_\_\_\_
Do you have a record of opting out of arbitration (please forward to us)  Yes \_\_\_\_\_  No \_\_\_\_\_

Did you work as a contractor and were paid through Pro Unlimited d/b/a Magnit?

Yes \_\_\_\_\_  No \_\_\_\_\_

# L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

Do you believe you may have a claim of discrimination?  Yes _____   No _____

If yes, please explain briefly:

_____

_____

_____


Optional information:

Sex: _____

Race: _____

Over 40?  Yes _____   No _____

Disabled   Yes _____   No _____      Please describe: _____

Other information you believe may put you in protected status: _____

Are you on leave, were you recently on leave, or were you scheduled to take leave soon?

Yes _____   No _____      Please describe: _____


Any additional information you want to share with us:

_____

_____

_____

_____

_____

_____

_____

_____


Thank you for completing this retainer!  If your contact information, or any pertinent information, changes, please let us know.

We will be in touch and will keep you posted on important developments.  **If you have any questions, feel free to reach out to the firm at twitterlawsuit@llrlaw.com or by phone at 866-594-0390.**