UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, et al.,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Respondents. | Case No. 23-cv-03301-JST<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND CONTINUING HEARING DATE**<br><br>Re: ECF No. 26 |

Before the Court is Petitioners' motion to compel arbitration and for preliminary injunction. ECF No. 26. Having reviewed the parties' briefs, the Court now orders supplemental briefing on the following questions:

1. Does the putative class in this case include any individuals against whom Twitter[1] has successfully moved to compel arbitration in other cases? If so, how, if at all, does that impact the Court's consideration of this motion?

2. If the Court agrees with Petitioners that they may move to compel arbitration in this district even though the arbitrations at issue were filed outside this district, must the Court compel arbitration to occur in this district notwithstanding the venue provisions of the arbitration agreements? *See* 9 U.S.C. § 4; *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001); *Cont'l Grain Co. v. Dant & Russell, Inc.*, 118 F.2d 967, 968–69 (9th Cir. 1941).

3. Do the different versions of the arbitration agreements have any impact on the Court's rulings, or should the results be the same regardless of which version Petitioner signed?

---

[1] The Court follows Respondents' lead in referring to Respondents as "Twitter." ECF No. 35 at 8 n.2 ("Though named in the Amended Petition (Dkt. 6), Twitter, Inc. no longer exists, and its successor in interest is X Corp. For convenience, the Opposition refers to both entities collectively as 'Twitter.'").

4. The arbitration agreements provide, "If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and *any disputes in that regard will be resolved by the Arbitrator*." *E.g.*, ECF No. 6-1 at 4, 21 (emphasis added). JAMS and AAA have ruled on the parties' disputes regarding payment of fees. Assuming Petitioners' motion is procedurally proper, does the Court have the authority to reverse those rulings?

5. If the Court reaches the question, does "applicable law" in states in which Twitter has not paid initial arbitration fees require fee-splitting or merely allow it under certain conditions? If the latter, how should that impact the Court's analysis?

Twitter shall file a supplemental brief on or before March 22, 2024. Petitioners may file a responsive supplemental brief on or before April 5, 2024. Each brief may not exceed 15 pages, not including exhibits. The March 14, 2024 motion hearing is continued to May 2, 2024.

**IT IS SO ORDERED.**

Dated: March 11, 2024



JON S. TIGAR
United States District Judge