UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, et al.,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Respondents. | Case No. 23-cv-03301-JST<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 26 |

Before the Court is Petitioners' motion to compel arbitration and for preliminary injunction. ECF No. 26. The Court will deny the motion without prejudice.

## I. BACKGROUND

Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Sasha Solomon, Ryan Crowley, Grae Kindel, Sarah Rosen, and Adam Treitler seek to compel arbitration against Respondents Twitter, Inc. and X Corp.[1] ECF No. 6 ¶ 1. They bring their petition "as a Rule 23 class action on behalf of all former Twitter employees throughout the United States who have filed demands for arbitration against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims." *Id.* ¶ 17.

According to Petitioners, many Twitter employees "have made various claims against the company concerning their separations from Twitter, including claims related to unpaid promised severance payments, discrimination, and other legal obligations that Twitter has refused to comply with." *Id.* ¶ 26. They all signed "nearly identical arbitration agreements that state that they are

---

[1] The Court follows Respondents' lead in referring to Respondents collectively as "Twitter." ECF No. 35 at 8 n.2 ("Though named in the Amended Petition (Dkt. 6), Twitter, Inc. no longer exists, and its successor in interest is X Corp. For convenience, the Opposition refers to both entities collectively as 'Twitter.'").

applicable to any disputes arising from or related to their employment with Twitter or separation of their employment." *Id.* ¶ 31.  Most of the agreements "provide[d] that the parties will bring any claims in arbitration before Judicial Arbitration and Mediation Services ('JAMS'), an arbitration service provider." *Id.* ¶ 32.  The remainder of the agreements did not specify an arbitration provider, but "Twitter and Petitioners' counsel agreed to use a different arbitration service provider, the American Arbitration Association ('AAA')" in those cases.  *Id.* ¶ 33.  Over 2000 individuals "have now brought their claims against Twitter in arbitration" before either JAMS or AAA.  *Id.* ¶ 28.

The arbitration agreements provide:

> [I]n all cases where required by law, the Company will pay the Arbitrator's and arbitration fees.  If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

*E.g.*, ECF No. 6-1 at 4 (agreement specifying JAMS); *id.* at 21 (agreement not specifying arbitration provider).  Twitter reads this provision as "requir[ing] Twitter and Petitioners to share arbitration fees unless the individual arbitrator orders otherwise," except in California, Nevada, and Oregon, where the law "prohibit[s] the sharing of fees."  ECF No. 35 at 17–18 & n.8.  However, both JAMS and AAA determined that, aside from the initial filing fee, Twitter "must pay the full arbitration fees (including arbitrators' compensation)" according to their policies governing employment cases.  ECF No. 6 ¶¶ 34, 42, 53.  Twitter has refused to pay those fees except for cases filed by employees who worked in California, Nevada, or Oregon.  *Id.* ¶ 35.

In addition to seeking relief for Twitter's refusal to pay fees as required by JAMS and AAA, Petitioners allege that "Twitter has . . . refused to move forward with JAMS arbitrations for employees in many states where JAMS does not have an office and/or arbitrators who are licensed to practice in the state."  ECF No. 6 ¶ 57.  Petitioners further allege that Twitter has "refused to engage in arbitration with employees who do not have a copy of their signed arbitration agreement."  *Id.* ¶ 63.

Petitioners seek two orders under 9 U.S.C. § 4: one "requiring that Twitter arbitrate the

2

claims of Petitioners and those similarly situated, pursuant to the rules of the arbitration providers it agreed to, JAMS and AAA, which includes paying the arbitration fees and costs JAMS and AAA have determined are necessary to empanel arbitrators and allow the arbitrations to proceed," and another "requiring that Twitter cooperate with Petitioners and those similarly situated in order to allow their arbitrations to proceed, including allowing arbitrators to be appointed even in states where JAMS does not have an office or arbitrators and producing arbitration agreements for employees who do not have a copy of their signed arbitration agreement." *Id.* at 14–15.

## II.    DISCUSSION

For the reasons discussed below, the Court finds merit to Twitter's first argument in opposition to the motion to compel arbitration: that the Court should not rule on Petitioners' motion until after class certification has been decided.

Rule 23 of the Federal Rules of Civil Procedure does not "require[] the district court to decide the class certification issue before making any rulings on the merits." *Wright v. Schock*, 742 F.2d 541, 543 (9th Cir. 1984). However, "district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified," to avoid a situation where a plaintiff might intervene "in a class action after an adjudication favoring the class had taken place," but where "the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). "Many commentators objected that [this type of] one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual." *Id.* (quoting *Katz v. Carte Blanche Corp.* 496 F.2d 747, (3d Cir. 1974) (en banc)). When the defendant files a motion for summary judgment before class certification, "the rationale for a one-way intervention rule disappears" because "the defendant proceeds at its peril, knowing that it may, in the absence of class certification, face the onrush of litigants who will not be bound by the summary judgment ruling." *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-cv-03370-EJD, 2019 WL 4751911, at *9 (N.D. Cal. Sept. 30, 2019). But when proposed class representatives file such a motion, courts have applied the rule to deny the motion without prejudice. *E.g.*, *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020–23 (N.D. Cal. 2015).

1    Petitioners correctly observe that an order compelling arbitration is not a ruling on the
2    merits of the parties' underlying dispute—i.e., their substantive claims against Twitter. *E.g.*,
3    *Vaden v. Discover Bank*, 556 U.S. 49, 63 (2009) ("[A] § 4 petition to compel arbitration seeks no
4    adjudication on the merits of the underlying controversy."). However, Petitioners in this case seek
5    only orders compelling arbitration. Thus, their motion is dispositive because it will resolve the
6    merits of this case. Petitioners concede as much in their reply, in which they argue, "If Petitioners
7    obtain the preliminary relief they seek from their motion, it appears unlikely they would need to
8    have a class certified, since the Court's ruling [on this motion] would likely resolve the issue
9    raised for all the putative class members here." ECF No. 37 at 20 n.37.

10   Petitioners argue that the one-way intervention rule is inapplicable to this case because "a
11   decision on a motion to compel arbitration is not a final judgment on the merits that gives rise to
12   collateral estoppel." ECF No. 37 (quoting *Lotsoff v. Wells Fargo Bank, N.A.*, No. 18-cv-02033-
13   AJB-JLB, 2019 WL 4747667, at *4 (S.D. Cal. Sept. 30, 2019)). However, the case on which
14   Petitioners rely simply quoted another case, which in turn provided no analysis. *Lotsoff*, 2019 WL
15   4747667 (quoting *Pearson v. P.F. Chang's China Bistro, Inc.*, No. 13-cv-2009-JLS (MDD), 2015
16   WL 12910914, at *4 n.4 (S.D. Cal. Feb. 23, 2015)); *Pearson*, 2015 WL 12910914, at *4 n.4
17   ("Plaintiff also claims that Defendant is collaterally estopped from compelling Plaintiff to arbitrate
18   her claims because in her state court discrimination case against Defendant, the court denied
19   Defendant's motion to compel arbitration. (Opp'n 10, ECF No. 46.) However, the Court is
20   persuaded by Defendant's argument that a decision on a motion to compel arbitration is not a final
21   judgment on the merits that gives rise to collateral estoppel. (Reply 5, ECF No. 47.)").

22   The Court is not persuaded that an order compelling or declining to compel arbitration in
23   this case, which seeks only such an order, would not be a final judgment giving rise to collateral
24   estoppel. However, it need not decide that question. Even if Petitioners are correct that the
25   Court's ruling would not have preclusive effect because it is not a final decision, that would still
26   weigh in favor of delaying a ruling on their motion to compel arbitration until after class
27   certification has been decided. Neither party argues that non-named Petitioners would be bound
28   by the Court's ruling on Petitioners' motion if a class has not been certified, and such "[a]bsent

4

parties would remain free to re-litigate ostensibly decided questions.  Generally speaking, this is inefficient and unfair."  *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *7 (N.D. Cal. Nov. 18, 2014).  If the ruling had no preclusive effect, Twitter would also remain free to relitigate the merits as to anyone but the named Petitioners—thereby adding to the inefficiency of ruling on the motion without waiting for class certification.

In a footnote, Petitioners argue that Twitter "cannot credibly argue that it would be prejudiced by the Court's deciding this matter" before class certification because "Twitter informed multiple arbitrators (in individual arbitrations for which it had already paid initial fees before deciding not to) that they should not rule on the fee splitting dispute, pending a ruling in *this* matter, and explicitly reserved the right to re-raise the issue to the arbitrators after this Court issued its ruling."  ECF No. 37 at 20 n.14 (emphasis in original).

"'Arguments raised only in footnotes . . . are generally deemed waived' and need not be considered."  *Cheever v. Huawei Device USA, Inc.*, No. 18-cv-06715-JST, 2019 WL 8883942, at *3 (N.D. Cal. Dec. 4, 2019) (quoting *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014)).  However, even if the Court considered the argument, it would not be persuaded that it should rule on Petitioners' motion prior to class certification.  Twitter made this representation in only four—out of allegedly more than 2000—pending arbitrations and, as Petitioners note, "expressly reserve[d] its right to re-raise the fee sharing dispute at a later date."  ECF No. 37-1 at 2–5.  Far from asking the Court to decide the issue as if it had filed its own motion to compel arbitration, Twitter has instead explicitly stated that it might not consider the Court's ruling to be dispositive, and it has only done that in less than one-quarter of one percent of the purported number of pending arbitrations.  This is insufficient to constitute a request by Twitter for a substantive ruling prior to class certification, such that the rationale for applying the one-way intervention rule would not apply.  *See Hamm*, 2019 WL 4751911, at *9.

Petitioners also argue that the one-way intervention rule is not implicated in this case because, "to the extent a class is certified, clearly it would be a Rule 23(b)(2) class, which seeks injunctive or declaratory relief, and not a Rule 23(b)(3) class," which would allow class members to opt out.  ECF No. 37 at 20.  Citing *Diva Limousine, Ltd. v. Uber Technologies, Inc.*, 392 F.

Supp. 3d 1074, 1096 (N.D. Cal. 2019), Petitioners correctly observe that "courts have declined to apply the rule against one-way intervention to Rule 23(b)(2) classes." ECF No. 37 at 19–20. What Petitioners fail to note is that the *Diva Limousine* court nonetheless concluded—in the very next paragraph—that "it would be inappropriate to address the [plaintiff's motion for partial summary judgment]" before class certification. 392 F. Supp. 3d at 1096. As the court explained: "While there is less concern that putative class members can engage in one-way intervention in the context of a Rule 23(b)(2) class, asymmetrical risks remain because the named plaintiffs can still hedge their bets by opting not to seek class certification if they receive an unfavorable pre-certification merits ruling." *Id.* The same is true in this case, and the Court therefore "exercises its case management authority to deny without prejudice" Petitioners' motion. *Id.* (emphasis omitted).

Finally, to the extent Petitioners seek a preliminary injunction as to the named Petitioners only, that motion is denied. Petitioners' arguments regarding preliminary injunctive relief are contained in two footnotes in their motion, ECF No. 26 at 8 n.2 & 23 n.16, and the reply contains no argument as to a preliminary injunction, *see* ECF No. 37. As noted above, arguments raised only in footnotes need not be considered. But even if the Court considered Petitioners' arguments, Petitioners have made no showing that they are "likely to suffer irreparable harm in the absence of preliminary relief," one of the elements required to obtain injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). They assert that "there is irreparable harm when parties must expend resources and energies in court actions, when they had agreed to the more efficient and expedient means of dispute resolution through arbitration," ECF No. 26 at 23 n.16, but they cite no authority for this proposition, let alone authority supporting the grant of preliminary injunctive relief while a motion to compel arbitration is pending. Although irreparable harm might be found when a motion to compel arbitration has been denied and "a party must undergo the expense of trial before being able to appeal denial of" that motion, *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013), costs of "reasonable discovery (which would take place even in arbitration)" do not constitute irreparable harm while the denial of a motion to compel arbitration is on appeal, *Mohamed v. Uber Techs.*,

1  115 F. Supp. 3d 1024, 1034 (N.D. Cal. 2015) (footnote omitted).  Here, the Court has not yet

2  decided whether to compel arbitration, and it is unclear what resources Petitioners contend they

3  will be forced to expend absent preliminary injunctive relief, let alone why expenditure of those

4  resources would be irreparable.  Because they have made no showing of irreparable harm,

5  Petitioners have not demonstrated that they are entitled to preliminary injunctive relief.[2]

## CONCLUSION

For the above reasons, the Court denies Petitioners' motion to compel arbitration and for preliminary injunctive relief without prejudice.  The parties shall meet and confer regarding a case schedule, including a briefing schedule for Petitioners' motion for class certification.  Alternatively, Petitioners may elect to dismiss the class claims and proceed only on behalf of the named Petitioners.

Assuming Petitioners intend to move for class certification, the Court would be amenable to hearing that motion and a motion to compel arbitration on the same date.  The Court would also be amenable to having the parties submit the motion to compel arbitration on the papers already submitted in lieu of filing new briefing.

The parties shall file a jointly proposed schedule, or competing proposed schedules, within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  April 22, 2024



JON S. TIGAR
United States District Judge

---

[2] The Court makes no determination regarding the other factors required to obtain a preliminary injunction: likelihood of success on the merits, whether the balance of equities tips in Petitioners' favor, or whether an injunction would be in the public interest.  *Winter*, 555 U.S. at 20.