SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Petitioners Fabien Ho Ching Ma et al.,*
*on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FABIEN HO CHING MA, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC., AND X CORP., <br><br> Respondents. | Case No. 4:23-cv-03301-JST <br><br> **PETITIONERS' MOTION FOR CLASS CERTIFICATION** <br><br> Hon. Jon S. Tigar <br><br> Hearing:     August 22, 2024 <br> Time:       2:00 p.m. <br> Courtroom:  6 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 2

II. LEGAL STANDARD ......................................................................................... 3

III. CLASS CERTIFICATION IS PLAINLY APPROPRIATE UNDER
RULE 23 .............................................................................................................. 5

    A. The Proposed Class and Each Subclass Satisfy the Requirements
of Rule 23(a) ............................................................................................. 6

        1. The members of the class and each subclass are so
numerous that joinder is impracticable. .................................... 6

        2. The claims of the proposed class and each subclass meet
the commonality requirement. ..................................................... 7

        3. The class and subclasses satisfy the typicality requirement. ..................... 8

        4. Petitioners are adequate class and subclass representatives,
and they have retained counsel who are well qualified to
represent the class and each subclass. ........................................ 9

    B. The Proposed Class Satisfies the Requirements of Rule 23(b)(2) ....................... 11

    C. Alternatively, the Proposed Class Satisfies the Requirements of
Rule 23(b)(1) ............................................................................................ 12

        1. The class satisfies the requirements of Rule 23(b)(1)(A)
because separate actions could result in inconsistent or
varying adjudications that would establish incompatible
standards of conduct for the party opposing the class. ........................... 12

        2. The class satisfies the requirements of Rule 23(b)(1)(B)
because separate actions risk, as a practical matter,
substantially affecting other members' interests not party to
the individual adjudications or substantially impairing or
impeding their abilityto protect their interests. ........................................ 14

IV. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Adair v. England*,
    209 F.R.D. 5 (D.D.C. 2002)..................................................................................... 13

*Alday v. Raytheon Co.*,
    619 F. Supp. 2d 726 (D. Ariz. 2008) ................................................................. 14

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 117 S. Ct. 2231, 138 L.Ed.2d 689 (1997)................................... 13

*Anderson v. City of Belle Glade*,
    337 F. Supp. 1353 (S.D. Fla. 1971) .................................................................. 13

*Barnes* v. *AT & T Pension Benefit Plan-Nonbargained Program*,
    270 F.R.D. 488 (N.D. Cal. 2010).................................................................. 14

*Betts v. Reliable Collection Agency*,
    659 F.2d 1000 (9th Cir. 1981) ........................................................................ 4

*Blackie v. Barrack*,
    524 F.2d 891 (9th Cir. 1975) .......................................................................... 4

*Borodaenko v. Twitter, Inc.*,
    2023 WL 3294581 (N.D. Cal. May 5, 2023) .................................................. 5

*Breeden v. Benchmark Lending Group, Inc.*,
    229 F.R.D. 623 (N.D. Cal. 2005).................................................................. 7

*Buus v. WAMU Pension Plan*,
    251 F.R.D. 578 (W.D. Wash. 2008) ........................................................... 4, 5

*Champagne v. Plannernet, Inc.*,
    2018 WL 11471583 (N.D. Cal. Feb. 16, 2018) ........................................... 8, 9

*Cornet v. Twitter, Inc.*,
    2023 WL 187498 (N.D. Cal. Jan. 13, 2023) ................................................ 5

*Davidson v. O'Reilly Auto Enterprises, LLC*,
    968 F.3d 955 (9th Cir. 2020) ........................................................................ 3

*Demitropoulos v. Bank One Milwaukee, N.A.*,
    915 F. Supp. 1399 (N.D. Ill. 1996) .............................................................. 9

*Eisen v. Carlisle and Jacquelin*,
    417 U.S. 156 (1974)........................................................................................ 3

*Ellis v. Costco Wholesale Corp.*,
    285 F.R.D. 492 (N.D. Cal. 2012)........................................................................... 9

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ............................................................................. 11

*Employers Ins. of Wausau v. Fed. Deposit Ins. Corp.*,
    112 F.R.D. 52 (E.D. Tenn. 1986)........................................................................ 13

*Gadala v. Twitter, Inc.*,
    No. 3:23-cv-01595, Stipulation to Dismiss Proposed Class Claims,
    Arbitrate Plaintiff's Individual Claims and Stay Action, Dkt 17 (N.D. Cal.
    May 15, 2023).......................................................................................................... 5

*Green Tree Fin. Corp.-Alabama* v. *Randolph*,
    531 U.S. 79 (2000)................................................................................................ 12

*Green* v. *Occidental Petroleum Corp.*,
    541 F.2d 1335 (9th Cir. 1976) ........................................................................... 13

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ............................................................................... 8

*Harik v. Cal. Teachers Ass'n*,
    326 F.3d 1042 (9th Cir. 2003) ............................................................................. 7

*Harris v. Palm Springs Alpine Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964) ............................................................................... 6

*Hernandez v. Cnty. of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015)......................................................................... 4

*In re Bendectin Prods. Liab. Litig.*,
    749 F.2d 300 (6th Cir. 1984) ............................................................................. 13

*In re Phar-Mor, Inc. Sec. Litig.*,
    875 F. Supp. 277 (W.D. Pa. 1994)..................................................................... 14

*In re Schering Plough Corp. ERISA Litig.*,
    589 F.3d 585 (3d Cir. 2009)......................................................................... 14, 15

*Jensen v. SECORP Industries*,
    2018 WL 5961287 (C.D. Cal. Aug. 23, 2018).................................................... 7

*John Ordono, v. Marriott International Inc.*,
    CGC-16-550454, Order Re Plaintiffs' Motion for Class Certification (Cal.
    Sup. Ct. Sept. 17, 2021) ..................................................................................... 10

*Makaron v. Enagic USA, Inc.*,
   324 F.R.D. 228 (C.D. Cal. 2018) ......................................................... 7

*Mateo v. M/S KISO*,
   805 F. Supp. 761 (N.D. Cal. 1991) ...................................................... 4

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................... 7

*Morgan v. Sundance, Inc.*,
   596 U.S. 411 (2022) ............................................................................ 3

*Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss and Saloga, P.C.*,
   613 N.E.2d 920 (Ill. App. Ct. 1993) ................................................. 12

*O'Connor v. Uber Techs., Inc.*,
   2015 WL 5138097 (N.D. Cal. Sept. 1, 2015) .................................... 10

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022) ............................................................... 7

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999) ............................................................................ 5

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*,
   654 F.3d 618 (6th Cir. 2011) ............................................................. 13

*Rodriguez v. Twitter, Inc.*,
   2023 WL 3168321 (N.D. Cal. May 1, 2023) ....................................... 5

*Rollins v. Traylor Bros Inc.*,
   2016 WL 5942943 (W.D. Wash. May 3, 2016) .................................... 7

*Roman v. Jan-Pro Fran. Int'l., Inc.*,
   342 F.R.D. 274 (N.D. Cal. 2022) ...................................................... 10

*Royal Indem. Co. v. Chicago Hosp. Risk Pooling Program*,
   865 N.E.2d 317 (Ill. App. Ct. 2007) ................................................. 12

*Soares v. Flowers Foods, Inc.*,
   320 F.R.D. 464 (N.D. Cal. 2017) ........................................................ 8

*Spurlock v. Fox*,
   2012 WL 1461361 (M.D. Tenn. Apr. 27, 2012) ................................ 13

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016) ............................................................................ 7

*Valentino v. Carter–Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) ................................................................. 5

*Villalpando v. Exel Direct Inc.*,
    303 F.R.D. 588 (N.D. Cal. 2014) ........................................................... 6

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ...................................................................... 7, 11

*Wolin v. Jaguar Land Rover N.A., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ............................................................... 5

*Wyandotte Nation v. City of Kan. City, Kan.*,
    214 F.R.D. 656 (D. Kan. 2003) ............................................................ 14

*Zessar v. Helander*,
    2006 WL 573889 (N.D. Ill. Mar. 7, 2006) ............................................ 14

*Zinser v. Accufix Rsch. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ............................................................... 3

**Statutes**

Federal Arbitration Act ("FAA"),
    9 U.SC. §§ 1 *et seq*.................................................................... 2, 3

**Other Authorities**

Daniel Tan,
    *Enforcing International Arbitration Agreements in Federal Courts:*
    *Rethinking the Court's Remedial Powers*, 47 Va. J. Intl. L. 545 (2007) ........................ 12

Diana Kapp,
    "Uber's Worst Nightmare," SAN FRANCISCO MAGAZINE (May 18, 2016) ...................... 11

Katie Johnson,
    "Lawyer Fights for Low Wage Workers' Rights," BOSTON GLOBE (Dec.
    23, 2012) ................................................................................ 11

Liane Jackson,
    "America's Top 200 Lawyers," FORBES (March 26, 2024)............................... 11

Michael Rafalowich,
    "Benchmark US 2020 awards" BENCHMARK LITIGATION (Feb. 27, 2020) .................. 11

**Rules**

Fed. R. Civ. P. 23, "Rule 23"................................................................ passim

**NOTICE OF MOTION AND MOTION**

**TO RESPONDENTS AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT** on August 22, 2024, at 2:00 p.m., in Courtroom 6 of this Court, located at 1301 Clay Street, Oakland, California, Petitioners Fabien Ho Ching Ma, *et al.*, on behalf of themselves, individually, and on behalf of all others similarly situated, will and hereby do move the Court for an order to certify their claims under Federal Rule of Civil Procedure 23, and to appoint Petitioners as Class Representatives and Petitioners' counsel as Class Counsel.

   This motion is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to certify the following class of Petitioners in these proceedings against Respondents Twitter, Inc. and X Corp. (collectively, "Respondents" or "Twitter"):

**Class:**
All former Twitter employees throughout the United States who signed arbitration agreements with Twitter and who have filed demands for arbitration with JAMS or AAA against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims.

Petitioners further request that the following sub-classes be certified:

**Arbitration Fees Sub-Class:**
Members of the Class for whom Twitter has refused to proceed with arbitrating their claims by way of refusing to pay fees as required by JAMS and AAA.

**Signed Arbitration Agreements Sub-Class:**
Members of the Class for whom Twitter has refused to produce signed copies of their arbitration agreements.

**JAMS Office Sub-Class:**
Members of the Class for whom Twitter has refused to proceed with arbitrating their claims because JAMS does not have an office and/or arbitrators who are licensed to practice in their state.

Additionally, Petitioners seek to appoint Petitioners as Class and Subclass Representatives and to appoint Petitioners' counsel as Class Counsel.

## I.     INTRODUCTION

In this case, former Twitter employees seek this Court's intervention under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, to ensure that they and other similarly situated employees who have brought claims against Twitter are able to pursue their claims where Twitter contractually required them to pursue their claims — in arbitration.

As this Court has directed (Dkt. 46, 48), Petitioners now seek class certification for former employees who have attempted to pursue claims in arbitration but where Twitter has refused to participate and allow those claims to move forward. As Petitioners have noted, and the Court has recognized, Petitioners and more than 2,000 other former Twitter employees have all signed "nearly identical arbitration agreements" and have brought arbitration claims before JAMS (Judicial Arbitration and Mediation Services) and AAA (the American Arbitration Association).[1]

Despite rulings from JAMS and AAA that Twitter must pay all arbitration fees (other than initial filing fees that Petitioners and other employees have paid), Twitter has refused to pay these fees for most employees outside California, Nevada, and Oregon and thus has prevented these claims from moving forward. Twitter has also blocked claims from moving forward for employees who have not been able to produce their own copy of their arbitration agreement (despite the fact that Twitter clearly has these agreements). And Twitter has blocked claims from moving forward in various states where JAMS does not have an office or arbitrators to appoint.

Petitioners now request that the Court certify this case as a class action and certify subclasses for each of these categories of employees.[2] Petitioners further request that this Court

---

[1]     Petitioners refer the Court to their Amended Petition (Dkt. 6) and their Motion to Compel Arbitration (Dkt. 26) for a summary of the background of this case. Petitioners further note for the Court that they have attached the exhibits from these prior docket entries to the instant motion.

[2]     The subclasses would thus include:

Employees who have filed arbitration claims at JAMS or AAA but for whom Twitter has refused to proceed with those claims by refusing to pay the arbitration fees it has been ordered to pay (**Arbitration Fees Subclass**).

appoint Petitioners as Class Representatives and Petitioners' counsel as Class Counsel. As set forth below, this class and these subclasses meet all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and Rule 23(b)(2) and/or 23(b)(1).[3]

## II.   LEGAL STANDARD

The FAA "command[s courts] to apply the usual federal procedural rules," including Federal Rule of Civil Procedure 23, "Rule 23", to proceedings stemming from a petition to compel arbitration brought pursuant to Section 4 of the FAA. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022). "While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Despite this broad discretion, "a district court may abuse its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification, or denies a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification." *Davidson v. O'Reilly Auto Enterprises, LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (citations omitted).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974)

---

Employees who have filed arbitration claims for whom Twitter has refused to produce signed copies of their arbitration agreements (**Signed Arbitration Agreements Subclass**).

Employees who have filed arbitration claims at JAMS but for whom Twitter has refused to proceed with those claims because JAMS does not have an office and/or arbitrators in those states (**JAMS Office Subclass**).

[3]   Petitioners previously moved the Court to compel arbitration (Dkt. 26), but the Court determined that it should not address such a request until a motion for class certification was filed. Petitioners thus asked Twitter if it would agree to abide by the Court's order with respect to a Petition to Compel Arbitration for all affected employees, without the need for class certification. Because Twitter would not agree to that, Petitioners now file this motion for class certification.

(quotations omitted). In so doing, "[t]he court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975).

To obtain class certification, the moving party first must "satisfy the four threshold requirements of Fed. R. Civ. P. 23(a)." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 150 (N.D. Cal. 2015). These Rule 23(a) requirements are:

> (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy).

*Id.* If all the requirements of Rule 23(a) are met:

> then the party seeking certification must also show that they have met one of the four disjunctive tests set out in Rule 23(b). Thus, to certify a class the Court must find *either*:
>
> (1) That common questions of law or fact predominate and that a class action is superior to other available methods of adjudication, Rule 23(b)(3); *or*
>
> (2) that the defendant acted or refused to act on grounds generally applicable to the class, rendering declaratory or injunctive relief appropriate with respect to the class as a whole, Rule 23(b)(2); *or*
>
> (3) that the prosecution of individual actions would create a risk of inconsistent verdicts which would establish incompatible standards of conduct for defendant, Rule 23 (b)(1)(A); *or finally*
>
> (4) that adjudication of individual claims would be dispositive of the claims or non-party class members, or substantially impede the ability of non-party class members to pursue their own claims. Rule 23(b)(1)(B).

*Mateo v. M/S KISO*, 805 F. Supp. 761, 770 (N.D. Cal. 1991) (emphasis in original). Once a party has satisfied both the requirements of Rule 23(a) and *one* of the four disjunctive requirements of Rule 23(b), class certification is appropriate. *Id.*

Rule 23 further provides that, "[w]hen appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Fed. R. Civ. P. 23(c)(5). Under this rule, "[e]ach subclass is treated as an individual class, and must independently meet the requirements of Rule 23." *Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 581 (W.D. Wash. 2008) (first citing *id.*; and then citing *Betts v. Reliable Collection Agency*, 659 F.2d 1000, 1005 (9th Cir. 1981)). "If each

subclass meets Rule 23's requirements, the matter may proceed in a consolidated action even if the matter could not have been certified as a single, all-inclusive class under the rule." *Id.* (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999)).

Finally, the Ninth Circuit has made clear that, so long Rule 23's prerequisites are met, class certification is heavily favored and "superior to other means of adjudicating" cases like the one at bar where "[p]roposed class members face the option of participating in this class action, or filing hundreds of individual lawsuits that could involve duplicating discovery and costs that exceed the extent of proposed class members' individual injuries" because "class-wide adjudication 'of common issues will reduce litigation costs and promote greater efficiency.'" *Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1176 (9th Cir. 2010) (quoting *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)). Thus, the Ninth Circuit has emphasized, "[i]t is far more efficient to litigate this…on a classwide basis rather than in thousands of individual and overlapping lawsuits." *Id.*[4]

## III.    CLASS CERTIFICATION IS PLAINLY APPROPRIATE UNDER RULE 23

The proposed class and subclasses plainly satisfy the requirements for class certification under Rule 23. The class easily clears the first hurdle — Rule 23(a)'s numerosity, commonality, typicality, and representativeness requirements. And the class satisfies the demands of not only Rule 23(b)(2), but also — alternatively — the requirements for each of the two separate Rule 23(b)(1) class types. Accordingly, this Court should certify a Rule 23(b)(2) class and subclasses

---

[4]    Of course, Petitioners and putative class members have filed separate claims in arbitration, as they understood they would be required to do — particularly after Twitter moved to compel arbitration for any employee who filed a claim against it in court but were bound by an arbitration agreement. *See Cornet v. Twitter, Inc.*, 2023 WL 187498 (N.D. Cal. Jan. 13, 2023); *Rodriguez v. Twitter, Inc.*, 2023 WL 3168321 (N.D. Cal. May 1, 2023); *Gadala v. Twitter, Inc.*, No. 3:23-cv-01595, Stipulation to Dismiss Proposed Class Claims, Arbitrate Plaintiff's Individual Claims and Stay Action, Dkt 17 (N.D. Cal. May 15, 2023); *Borodaenko v. Twitter, Inc.*, 2023 WL 3294581 (N.D. Cal. May 5, 2023). Having to file such individual arbitrations is itself extremely inefficient, but that is what the caselaw and Twitter's agreement required. But having to file separate motions to compel arbitration *for each employee* who attempted to arbitrate but was blocked from doing so by Twitter would be doubly inefficient.

(or, alternatively, a Rule 23(b)(1) class and subclasses), appoint the named Petitioners as Class Representatives, and appoint their undersigned counsel as Class Counsel.

### A.   The Proposed Class and Each Subclass Satisfy the Requirements of Rule 23(a)

The proposed class, as well as each of the three proposed subclasses, all independently clear the hurdles of Rule 23(a)'s threshold numerosity, commonality, typicality, and representativeness requirements.

### 1.   The members of the class and each subclass are so numerous that joinder is impracticable.

The first Rule 23(a) prerequisite requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Ninth Circuit has explained that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). When — as here — the "classes involved are self-evidently large[, i]t seems unlikely that defendants can successfully controvert plaintiffs' allegation that the expense and burden, to the parties and the court, of litigating each claim separately renders that course impractical." *Id.* "Although the requirement is not tied to any fixed numerical threshold, courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *Villalpando v. Exel Direct Inc.*, 303 F.R.D. 588, 605–06 (N.D. Cal. 2014).

Here, both the class and each subclass plainly satisfy the numerosity requirement.[5] The Arbitration Fees Subclass alone consists of at least *several hundred* putative members. *See* Ex. 1 (JAMS); Ex. 2 (AAA). Likewise, the Signed Arbitration Agreements Subclass consists of well more than forty putative members. *See* Ex. 3 at 6 (noting Twitter's "objections to 98 Claimant filings" on the basis they did not include copies of signed arbitration agreements); Ex. 4 at 1–6 (same). And while the number of putative subclass members for the JAMS Office Subclass for employees represented by Petitioners' counsel as of March 2023 was 32, *see* Ex. 5, this number

---

5    Because the proposed class includes all members of the proposed subclasses, numerosity is clearly satisfied for the class if it is satisfied for any of the subclasses.

is sufficient to meet numerosity.[6] Further, this figure is from a snapshot in time after which additional employees submitted arbitration demands, and there may well be more employees in this subclass today.

**2.    The claims of the proposed class and each subclass meet the commonality requirement.**

The second Rule 23(a) prerequisite requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]ommonality only requires a single significant question of law or fact." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588–89 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). "A common question 'must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Bumble Bee Foods*, 31 F.4th at 663 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "By contrast, an individual question is one where members of a proposed class will need to present evidence that varies from member to member." *Id.* (citing *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)).

Here, both the proposed class and each subclass clearly meet this commonality requirement. For the class, the questions common to each putative member are clear: (1) Is he or she a former Twitter employee who signed an arbitration agreement with Twitter? (2) Has he or

---

[6]    "There is no absolute minimum number of plaintiffs necessary to demonstrate that the putative class is so numerous so as to render joinder impracticable." *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 628 (N.D. Cal. 2005). Indeed, another court certified a class with 31 members, explaining:

> While there is no fixed number that satisfies the numerosity requirement, "[t]he Ninth Circuit has required at least fifteen members to certify a class, and classes of at least forty members are usually found to have satisfied the numerosity requirement." *Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228, 232 (C.D. Cal. 2018) (citing *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003)).

*Jensen v. SECORP Industries*, 2018 WL 5961287, at *2 (C.D. Cal. Aug. 23, 2018); *see also Rollins v. Traylor Bros Inc.*, 2016 WL 5942943, at *1 (W.D. Wash. May 3, 2016) ("the Court previously found that a class of thirty-two members was sufficiently numerous" for Rule 23).

she filed an arbitration demand with JAMS or AAA? (3) Has Twitter refused to proceed with arbitrating his or her claims?

This latter question is common for the same reason each of the three subclasses shares commonality amongst its putative members: Twitter has refused to proceed in arbitration with respect to *classes* of individual in three readily discernable ways, each one constituting a basis for a subclass. Thus, the Arbitration Fees Subclass members share the common question: Has Twitter refused to pay the arbitration fees as required by JAMS or AAA? Likewise, the Signed Arbitration Agreements Subclass members share the common question: Has Twitter refused to produce a signed copy of the putative subclass member's arbitration agreement? And the JAMS Office Subclass members share the common question: Has Twitter refused to proceed with arbitrating his or her claims on the basis that JAMS does not have an office and/or arbitrators who are licensed to practice in his or her state?

Accordingly, the class and subclasses satisfy the commonality requirement of Rule 23(a)(2).

### 3. The class and subclasses satisfy the typicality requirement.

The third Rule 23(a) prerequisite requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" Fed. R. Civ. P. 23(a)(3). "Typicality requires consideration of 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct.'" *Champagne v. Plannernet, Inc.*, 2018 WL 11471583, at *7 (N.D. Cal. Feb. 16, 2018) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "Typicality refers to the nature of the claim or defense of the class representative and not facts surrounding the claim or defense." *Id.* (quoting *Hanon*, 976 F.2d at 508). And where putative class or subclass members' claims "stem[] from a single corporate policy, the named plaintiffs' claims are typical." *Soares v. Flowers Foods, Inc.*, 320 F.R.D. 464, 475 (N.D. Cal. 2017). Likewise, courts across the country have recognized that "the typicality requirement [is] met where all members of the proposed

class were subject to the same allegedly unlawful practices," and that this "standard is plainly met…where the allegations are that all members of the proposed class were parties to [a] standard…contract. As has been noted on several occasions, claims arising out of form contracts are particularly appropriate for class action treatment." *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F. Supp. 1399, 1418 (N.D. Ill. 1996) (quotations and citations omitted).

Here, as set forth in the petition, the named Petitioners' claims are typical of the claims of the class and subclasses. All of the named Petitioners have attempted to pursue arbitration claims against Twitter but have been stymied in their efforts by Twitter's conduct. Further, the claims of Petitioners Fabien Ho Ching Ma, Melissa Olson, Adam Treitler, Laila Amlani, and Jonathan Willis, are typical of the Arbitration Fees Subclass, as Twitter has refused to pay the arbitration fees for their claims. *See* Ex. 1. Petitioner Ryan Crowley's claims are typical of the Signed Arbitration Agreements Subclass, as Twitter has not produced his arbitration agreement. *See* Ex. 6. The claims of Petitioners Laila Amlani, Jonathan Willis, and Melissa Olson are typical of the JAMS Office Subclass, as Twitter has refused to move forward with their claims because JAMS does not have an office or arbitrators in their states. *See* Ex. 5.[7]

### 4. Petitioners are adequate class and subclass representatives, and they have retained counsel who are well qualified to represent the class and each subclass.

The fourth Rule 23(a) prerequisite requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Rule 23(a)(4) is satisfied if the proposed representative plaintiff does not have conflicts of interest with the proposed class and if the proposed class is represented by qualified and competent counsel." *Champagne*, 2018 WL 11471583, at *7 (citing *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 535 (N.D. Cal. 2012)). Because the named Petitioners have no conflicts of interest, and because the proposed

---

[7] Since the filing of the Amended Petition, Twitter has allowed the claims of Lenna (Grae) Kindel, Sarah Rosen, and Sasha Solomon to move forward (so they are not proposed as class representatives).

class is represented by qualified and competent counsel who are widely recognized as a leading employment class action firm, this requirement is met.

First, there is no potential conflict between the named Petitioners and the other class members since they are challenging practices applied uniformly to all class and subclass members, including themselves. As set forth above in the typicality section, each of these proposed class and subclass representatives' interests do not differ from — and instead are entirely in alignment with — those of the class as a whole (as well as each subclass to which they would belong) in that they seek to benefit the proposed class by obtaining an order compelling Twitter to proceed with all of their claims in arbitration.

Plaintiffs have also retained counsel with extensive expertise and experience in prosecuting both class actions and mass arbitrations on behalf of employees. In fact, this Court — like other courts across the nation — has previously appointed Petitioners' counsel, Shannon Liss-Riordan, as class counsel while extolling her qualifications to serve in such a position. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 2015 WL 5138097, at *36 (N.D. Cal. Sept. 1, 2015), *rev'd and remanded on other grounds,* 904 F.3d 1087 (9th Cir. 2018) ("Uber does not even argue that Ms. Liss-Riordan is unqualified to represent these Plaintiffs, and any such argument would be without merit. The Court knows Ms. Liss-Riordan to be a capable advocate, and further notes that she is a leading practitioner in the field of employment [law] both in this District and nationwide…. [T]he Court has not witnessed anything in Ms. Liss–Riordan's performance in this case (or in any of the many others she is currently prosecuting before this Court) to date that would cause the Court to be concerned that Ms. Liss-Riordan and her colleagues will not prosecute this action vigorously and with skill on behalf of the class members. Ms. Liss-Riordan is adequate, will fairly represent the interests of the class members, and is therefore appointed class counsel in this matter."); *Roman v. Jan-Pro Fran. Int'l., Inc.*, 342 F.R.D. 274, 290 (N.D. Cal. 2022) (similarly appointing Liss-Riordan and her firm as Class Counsel) (summary judgment in favor of certified class); *John Ordono, v. Marriott International Inc.*, CGC-16-550454, Order Re Plaintiffs' Motion for Class Certification (Cal. Sup. Ct. Sept. 17, 2021)

(similarly appointing Liss-Riordan and her firm as Class Counsel) (2023 verdict for certified class). Moreover, her firm, Lichten & Liss-Riordan, P.C. has been widely recognized as one of the leading plaintiffs' firms representing workers, and Attorney Liss-Riordan has been recognized as one of the top plaintiffs' lawyers nationally for her work on behalf of workers in class actions.[8] Thus, Plaintiffs and their counsel have satisfied the requirements of Rule 23(a)(4).

### B.        The Proposed Class Satisfies the Requirements of Rule 23(b)(2)

In order to satisfy Rule 23(b)(2), "the party opposing the class [must have] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court has "held that 'claims for *individualized* relief (like the backpay at issue [in this case]) do not satisfy Rule 23(b)(2),' noting that the 'key to the (b)(2) class is the "indivisible nature of the injunctive or declaratory remedy warranted."'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987 (9th Cir. 2011) (quoting *Dukes*, 564 U.S. at 360–61) (alteration omitted). The Court has elaborated: "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Dukes*, 564 U.S. at 360–61. Here, the requirements of Rule 23(b)(2) have been plainly met as to both the proposed class and each subclass.

First, as described in detail *supra*, Twitter has "acted or refused to act on grounds that apply generally to the class" by refusing to proceed with these arbitrations and — specific to each subclass — (1) refusing to pay the required arbitration fees; (2) refusing to provide copies of Petitioners' signed arbitration agreements necessary for proceeding with their arbitrations; and

---

[8]        *See, e.g.*, Liane Jackson, "America's Top 200 Lawyers," FORBES (March 26, 2024) (listing Shannon Liss-Riordan as one of the top 200 attorneys in the United States) (attached as Ex. 7); Michael Rafalowich, "Benchmark US 2020 awards" BENCHMARK LITIGATION (Feb. 27, 2020) (naming Shannon Liss-Riordan "Labor & Employment Employee-Side Attorney of the Year") (attached as Ex. 8); Diana Kapp, "Uber's Worst Nightmare," SAN FRANCISCO MAGAZINE (May 18, 2016) (attached as Ex. 9); Katie Johnson, "Lawyer Fights for Low Wage Workers' Rights," BOSTON GLOBE (Dec. 23, 2012) (attached as Ex 10).

(3) refusing to proceed with arbitrations for which there is no JAMS office or licensed arbitrator in Petitioners' states.

Second, here, a single order (or one for each subclass) compelling arbitration would provide complete relief to each and every class member, and such an order would meet the definition of "final injunctive relief." *See, e.g.*, Daniel Tan, *Enforcing International Arbitration Agreements in Federal Courts: Rethinking the Court's Remedial Powers*, 47 Va. J. Intl. L. 545, 583 (2007) ("The statutory power to compel [arbitration] is functionally a mandatory injunction (or order for specific performance) commanding a party to perform his promise to arbitrate."); *accord Royal Indem. Co. v. Chicago Hosp. Risk Pooling Program*, 865 N.E.2d 317, 321 (Ill. App. Ct. 2007) ("[A] motion to compel arbitration is analogous to a motion for injunctive relief."); *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss and Saloga, P.C.*, 613 N.E.2d 920, 924 (Ill. App. Ct. 1993) (same); *Green Tree Fin. Corp.-Alabama* v. *Randolph*, 531 U.S. 79, 86–87 (2000) ("The District Court's order directed that the dispute be resolved by arbitration and dismissed respondent's claims with prejudice, leaving the court nothing to do but execute the judgment….The District Court's order was therefore 'a final decision with respect to an arbitration.'").

Accordingly, having satisfied both Rule 23(a) and 23(b)(2)'s requirements, this Court should grant Petitioners' motion for class certification.

**C.     Alternatively, the Proposed Class Satisfies the Requirements of Rule 23(b)(1)**

In addition to, or alternatively to, Rule 23(b)(2), this case is also certifiable under Rule 23(b)(1) as both disjunctive tests under that provision are satisfied.

> **1.     The class satisfies the requirements of Rule 23(b)(1)(A) because separate actions could result in inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the class.**

Under Rule 23(b)(1)(A), Petitioners are entitled to class certification if "prosecuting separate actions by or against individual class members would create a risk of [] inconsistent or

varying adjudications with respect to individual class members that would establish incompatible

standards of conduct for the party opposing the class." Such is the case here.

The Ninth Circuit has explained:

> Rule 23(b)(1)(A) authorizes class actions to eliminate the possibility of adjudications in which the defendant will be required to follow inconsistent courses of continuing conduct. This danger exists in those situations in which the defendant by reason of the legal relations involved cannot as a practical matter pursue two different courses of conduct.

*Green* v. *Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 n.10 (9th Cir. 1976). Another court

has elaborated:

> Under (b)(1)(A), "[c]ertification is not appropriate simply because 'some plaintiffs may be successful in their suits against a defendant while others may not,' " but instead requires that "adjudication in separate actions would impair [the defendant's] ability to pursue a uniform course of conduct." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 633 (6th Cir. 2011) (quoting *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 305 (6th Cir. 1984)). It includes those cases where a party is legally obligated to treat class members alike. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L.Ed.2d 689 (1997); *see also Employers Ins. of Wausau v. Fed. Deposit Ins. Corp.*, 112 F.R.D. 52, 54 (E.D. Tenn. 1986) (explaining that (b)(1)(A) protects the nonclass party from "a stalemated or conflicted position" and thus applies "only to actions ... where the nonclass party could be sued for *different and incompatible affirmative relief*" ). Courts have certified (b)(1)(A) classes in equal protection cases where the government agency's course of conduct must be consistent as to all class members. *See, e.g., Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002); *Anderson v. City of Belle Glade*, 337 F. Supp. 1353, 1354 (S.D. Fla. 1971). Applied to this case, (b)(1)(A) certification is appropriate so that Defendants can pursue a uniform course of conduct with respect to their re-zoning plan and are not subject to incompatible judicial determinations regarding the plan's constitutionality.

*Spurlock v. Fox*, 2012 WL 1461361, at *3 (M.D. Tenn. Apr. 27, 2012).

In this case, the same risk that "adjudication in separate actions would impair the

defendant's ability to pursue a uniform course of conduct" because the "party is legally obligated

to treat class members alike" exists by virtue of the identical arbitration agreements. *Id.* Should

class certification be denied, there would be a substantial risk that individual employees pursuing

independent proceedings to compel arbitration could obtain contradictory rulings. This result

would create incompatible standards of conduct for Twitter, who could be required to arbitrate

certain claims but not others under the exact same agreements. Accordingly, "(b)(1)(A) certification is appropriate so that Defendants can pursue a uniform course of conduct with respect to [these arbitrations] and are not subject to incompatible judicial determinations regarding" their refusal to proceed in identical respects pursuant to identical agreements. Accordingly, these proposed class and subclasses meet the requirements of Rule 23(b)(1)(A).

> ### 2. The class satisfies the requirements of Rule 23(b)(1)(B) because separate actions risk, as a practical matter, substantially affecting other members' interests not party to the individual adjudications or substantially impairing or impeding their ability to protect their interests.

At the same time, under Rule 23(b)(1)(B), Petitioners are entitled to class certification if:

> prosecuting separate actions by or against individual class members would create a risk of … adjudications with respect to individual class members that, *as a practical matter*, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(B) (emphasis added). These requirements, too, are satisfied here.

While somewhat rare, there are paradigmatic Rule 23(b)(1)(B) cases. These concern claims arising under ERISA, *see, e.g.*, *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604–05 (3d Cir. 2009); claims against members of professional partnerships, *see, e.g.*, *In re Phar-Mor, Inc. Sec. Litig.*, 875 F. Supp. 277, 280 (W.D. Pa. 1994); claims against record owners of land alleged to belong to the plaintiffs, *see, e.g.*, *Wyandotte Nation v. City of Kan. City, Kan.*, 214 F.R.D. 656, 664 (D. Kan. 2003); and certain claims against government officials, *see, e.g.*, *Zessar v. Helander*, 2006 WL 573889, at *3 (N.D. Ill. Mar. 7, 2006)). What unifies all of these situations is that "the resolution of [these] claim[s] would be dispositive of other similarly situated" persons because the legal relationships between these litigants require the defendants "to treat all similarly situated participants in a consistent manner." *Barnes* v. *AT & T Pension Benefit Plan-Nonbargained Program*, 270 F.R.D. 488, 496 (N.D. Cal. 2010), *modified sub nom. Barnes* v. *AT & T Pension Ben. Plan-NonBargained Program*, 273 F.R.D. 562 (N.D. Cal. 2011) (quoting *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008)). Here, the same is

true: Because all of the underlying arbitration agreements are identical in all material respects, "adjudications with respect to individual class members [ ], *as a practical matter*, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). The Third Circuit has further explained:

> [I]t is simply not relevant to the Rule 23(b)(1)(B) inquiry that the attempt to establish a…defense will invariably present individual issues, as defendants argue. What is relevant here is that the *plaintiff's claims* about defendants' conduct are sufficiently similar to those of the proposed class and are not based on 'unique facts' and 'individual relationships with the defendants.' Given that…[the] claim brought on behalf of the Plan and alleging breaches of fiduciary duty on the part of defendants that will, if true, be the same with respect to every class member, Rule 23(b)(1)(B) is clearly satisfied.

*In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 604–05 (emphasis in original) (quotations and citations omitted).

The same is true here. All of the Petitioners and proposed class members are identically situated, and a court's adverse decision interpreting the agreements' uniform language as applied to Twitter's uniform decisions not to proceed with arbitration for entire classes of their former employees with respect to one employee would, "as a practical matter," be dispositive of, or substantially impair or impede, their ability of all other employees to protect their interests. Accordingly, the requirements of Rule 23(b)(1)(B), too, are met, and this Court should certify the proposed class and subclasses.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Petitioners' motion to certify their proposed class and subclasses, appoint the named Petitioners as Class and Subclass Representatives, and appoint their counsel as Class Counsel.

Dated: June 17, 2024

Respectfully submitted,

PETITIONERS FABIEN HO CHING MA, *et al.*, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; bmanewith@llrlaw.com

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on all counsel of record via the Court's CM/ECF system on June 17, 2024.

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FABIEN HO CHING MA, *et al.*, on behalf of themselves and all others similarly situated,

                Petitioners,

     v.

TWITTER, INC., AND X CORP.,

                Respondents.

Case No. 4:23-cv-03301-JST

**[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR CLASS CERTIFICATION**

      Having considered the parties' briefing and arguments, Petitioners' Motion to certify the following Class and Subclasses under Rule 23 is hereby **GRANTED**:

**Class:**
All former Twitter employees throughout the United States who have signed arbitration agreements with Twitter and who have filed demands for arbitration with JAMS or AAA against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims.

      **Arbitration Fees Sub-Class:**
      Members of the Class for whom Twitter has refused to proceed with arbitrating their claims by way of refusing to pay fees as required by JAMS and AAA.

      **Signed Arbitration Agreements Sub-Class:**
      Members of the Class for whom Twitter has refused to produce signed copies of their arbitration agreements.

      **JAMS Office Sub-Class:**
      Members of the Class for whom Twitter has refused to proceed with arbitrating their claims because JAMS does not have an office and/or arbitrators who are licensed to practice in their state.

      Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Ryan Crowley, and Adam Treitler are hereby **ORDERED** appointed class representatives.

      Attorney Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C., is hereby **ORDERED** appointed Class Counsel.

IT IS SO ORDERED.

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE