UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, et al.,<br><br>   Petitioners,<br><br>   v.<br><br>TWITTER, INC., et al.,<br><br>   Respondents. | Case No. 23-cv-03301-JST<br><br>**ORDER DENYING PETITIONERS' MOTION FOR CLASS CERTIFICATION**<br><br>Re: ECF No. 50 |

Before the Court is Petitioners' motion for class certification. ECF No. 50. The Court will deny the motion.

**I.   BACKGROUND**

Petitioners Fabien Ho Ching Ma, Laila Amlani, Jonathan Willis, Melissa Olson, Sasha Solomon, Ryan Crowley, Grae Kindel, Sarah Rosen, and Adam Treitler filed a petition to compel arbitration against Respondents Twitter, Inc. and X Corp. "on behalf of all former Twitter employees throughout the United States who have filed demands for arbitration against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims."[1] ECF No. 6 ¶¶ 1, 17. Twitter has since "allowed the claims of Lenna (Grae) Kindel, Sarah Rosen, and Sasha Solomon to move forward," and Petitioners no longer propose those three individuals as class representatives. ECF No. 50 at 15 n.7.

The Court described Petitioners' allegations in more detail in its order denying without prejudice Petitioners' motion to compel arbitration and motion for a preliminary injunction. ECF

---

[1] The Court follows Respondents' lead in referring to Respondents collectively as "Twitter." ECF No. 35 at 8 n.2 ("Though named in the Amended Petition (Dkt. 6), Twitter, Inc. no longer exists, and its successor in interest is X Corp. For convenience, the Opposition refers to both entities collectively as 'Twitter.'").

No. 46 at 1–3.  In that order, the Court determined that it would be inappropriate to rule on Petitioners' motion until after class certification had been decided, or Petitioners elected to proceed only on behalf of the named Petitioners, and it ordered the parties to meet and confer regarding a case schedule.  *Id.* at 3–7.  The Court subsequently adopted the parties' stipulated briefing schedule for Petitioners' motion for class certification.  ECF No. 48.

Petitioners now seek certification of the following class:  "All former Twitter employees throughout the United States who signed arbitration agreements with Twitter and who have filed demands for arbitration with JAMS or AAA against Twitter, but for whom Twitter has refused to proceed with arbitrating their claims."  ECF No. 50 at 7.  They further seek certification of three sub-classes, based on the different ways in which Petitioners contend Twitter refused to proceed with arbitration: by refusing to pay fees as required by JAMS and AAA; by refusing to produce signed copies of former employees' arbitration agreements; and by refusing to proceed with arbitration "because JAMS does not have an office and/or arbitrators who are licensed to practice in their state."  *Id.*

## II.   LEGAL STANDARD

To obtain class certification, "plaintiffs must make two showings."  *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (en banc).  First, they must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Second, they "must show that the class fits into one of three categories" under Rule 23(b).  *Olean*, 31 F.4th at 663.

Petitioners seek certification under Rule 23(b)(2) or, alternatively, under Rule 23(b)(1).  Rule 23(b)(2) allows certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(1) allows certification when:

> prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

## III.   DISCUSSION

Twitter opposes class certification on several grounds, including that Rule 23 does not apply to petitions to compel arbitration and that the language of the dispute resolution agreements signed by Petitioners precludes them from joining any class action, including this one. The Court assumes without deciding that Petitioners are not barred from pursuing a class action because, even if Petitioners' motion is procedurally proper, it fails on the merits. In particular, the Court concludes that Petitioners cannot satisfy Rule 23(a)(4)'s adequacy requirement for the reasons discussed below.[2]

When considering the adequacy of a proposed class, courts consider two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Twitter argues that Petitioners fail to satisfy adequacy in this case because they seek an order compelling arbitration in this district, even though the agreements provide that arbitration proceedings "shall be no more than 45 miles from the place where the Employee reported to work for the Company, unless each

---

[2] Twitter also argues that the proposed class is an improper "'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct," *Olean*, 31 F.4th at 669 n.14, and challenges numerosity and commonality. The Court does not reach these arguments.

3

party to the arbitration agrees in writing otherwise," ECF No. 6-1 at 4, 20, 34, and that not all members of the putative class seek to compel arbitration here. As one example, Twitter points to a successful petition, which Twitter has appealed, brought by some members of the putative class to compel arbitration in New York. *Frazier v. X Corp*, No. 24-cv-02135(JSR), ___ F. Supp. 3d ___, 2024 WL 3370887 (S.D.N.Y. July 4, 2024).

Petitioners do not contest that "a class representative is not adequate if the representative seeks relief which the class members do not want." *Alberghetti v. Corbis Corp.*, 263 F.R.D. 571, 578 (C.D. Cal. 2010), *aff'd*, 476 F. App'x 154 (9th Cir. 2012). Nor do Petitioners contest that they seek an order compelling arbitration in this district. *See* ECF No. 43 (Petitioners' supplemental brief to motion to compel arbitration, arguing that this Court must compel arbitration in this district notwithstanding the venue provisions of the arbitration agreements).

Instead, Petitioners' only responses to Twitter's adequacy arguments are "that some class members would prefer to individually litigate their claims at some other geographic location than this district . . . is speculative," and that, in any case, "[f]or those class members who do not wish to travel to California, Petitioners expect that their arbitration hearings may proceed via Zoom, similar to other arbitration hearings involving Twitter and its former employees." ECF No. 55 at 18. Neither argument is persuasive. First, Petitioners' "expect[ation]" that proceedings would be allowed to proceed by Zoom, and that this would eliminate any objections from putative class members to proceed with arbitrations in this district rather than in the agreed-upon venues, is itself speculative. Second, and more significantly, Petitioners—whose reply brief nowhere mentions the *Frazier* litigation—completely ignore that some members of the putative class have already filed suit elsewhere, thus rendering the conflict non-speculative. Petitioners also fail to address how, if this Court were to certify a class and grant Petitioners the classwide relief they seek by compelling arbitration in this district, the parties in *Frazier* could comply both with an order compelling arbitration here and a separate order compelling arbitration in New York.

Additionally, the Court is aware of a putative class action filed in the District of Delaware, *Woodfield v. Twitter, Inc.*, No. 1:23-cv-00780-JLH (D. Del.), that was not cited by the parties. Chris Woodfield is a member of the putative class in this case because he filed an arbitration

4

demand with JAMS and alleges that Twitter "refused to proceed with arbitrating" his claims. ECF No. 50 at 7 (defining proposed class); *Woodfield*, ECF No. 1 ¶¶ 18–29 (alleging that, after Woodfield filed a demand with JAMS, Twitter refused to proceed with arbitration because Woodfield could not produce a signed copy of the dispute resolution agreement); *id.* ¶¶ 166–67 (alleging that Twitter "demanded that JAMS close and refuse to administer" arbitrations after Twitter refused to pay arbitration fees required by JAMS). However, rather than seeking to compel arbitration as Petitioners do here, Woodfield seeks the opposite relief. He asks—on behalf of a subclass that overlaps, and may even be co-extensive, with the putative class in this case—for "an order declaring that Defendants breached the DRA [dispute resolution agreement]" and for a *court* to decide his substantive claims. *Woodfield*, ECF No. 1 ¶ 308(c); *id.* ¶¶ 189–90 (proposed class and subclass definitions); *id.* ¶¶ 206–29 (breach of contract cause of action); *Woodfield*, ECF No. 26 (Woodfield's opposition to Twitter's motion to compel arbitration[3]). This is another non-speculative example of a putative class member seeking different relief than Petitioners.

In short, Petitioners seek to compel arbitration in this district, while some putative class members seek to compel arbitration elsewhere or seek to pursue claims in court because they contend that Twitter's actions breached the arbitration agreement. These interests are "antithetical," and Petitioners therefore cannot adequately represent the proposed class. *Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir. 1997) (citing *Hansberry v. Lee*, 311 U.S. 32 (1940), for the proposition that "plaintiffs seeking to enforce an agreement cannot represent class members who do not want it enforced"); *see also Alberghetti*, 263 F.R.D. at 577 ("It is well-established that class representatives are inadequate if they seek relief that putative class members do not wish to seek."). The Court's concerns are further heightened because Petitioners seek certification of a Rule 23(b)(1) or (b)(2) class, neither of which would allow putative class members who seek different relief to opt out. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (explaining that "Rule [23(b)] provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does

---

[3] After Woodfield filed his lawsuit, Twitter moved to compel arbitration of Woodfield's claims on an individual basis and subsequently renewed that motion after unsuccessful settlement efforts. *Woodfield*, ECF Nos. 11, 52. The motion remains pending.

not even oblige the District Court to afford them notice of the action," whereas a "(b)(3) class is not mandatory" and "class members are entitled . . . to withdraw from the class at their option").

## CONCLUSION

Because Petitioners have failed to demonstrate that they satisfy adequacy under Rule 23(a)(4), their motion for class certification is denied.

**IT IS SO ORDERED.**

Dated: November 20, 2024



JON S. TIGAR
United States District Judge