UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, et al.,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Respondents. | Case No. 23-cv-03301-JST<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND CONTINUING HEARING ON PETITIONERS' MOTION TO COMPEL ARBITRATION** |

Before the Court is Petitioners' motion to compel arbitration. ECF No. 26. Respondents have requested leave to file supplemental briefing to address cases that have been decided since the parties completed their prior briefing. ECF No. 59. Petitioners "do not believe additional briefing is required," but have requested 14 days to respond if the Court intends to consider the cases cited by Respondents. ECF No. 60 at 2.

Respondents' cited cases, although not controlling, appear relevant. The Court therefore grants Respondents' request for supplemental briefing. Each side shall file a supplemental brief, not exceeding ten pages, by December 20, 2024. They may each file a reply brief, not exceeding six pages, by January 10, 2025. The parties may address any relevant authority decided after they completed their prior briefing. They shall also address the following questions:

1. Petitioners have represented that the claims of Petitioners Lenna (Grae) Kindel, Sarah Rosen, and Sasha Solomon are moving forward in arbitration. ECF No. 50 at 15 n.7. Are arbitrations for any of the remaining Petitioners also moving forward?

2. As to any Petitioners for whom arbitration is not moving forward, has JAMS terminated the arbitration, or do those arbitration proceedings remain open? If any proceedings have been terminated, does that impact the Court's analysis?

3. Respondents state that Petitioner Ryan Crowley signed a version of the arbitration agreement that selects JAMS as the arbitration provider. ECF No. 35 at 10. Have Respondents produced a copy of that agreement to Crowley or his counsel? If they have not produced it because they are awaiting confirmation that Petitioners' counsel is "authorized in writing by the employee to inspect, or receive a copy of, his or her personnel records," Cal. Lab. Code § 1198.5(e), why have Petitioners' counsel not provided such confirmation?

The December 12, 2024 hearing is continued to February 6, 2025.

**IT IS SO ORDERED.**

Dated: December 9, 2024



JON S. TIGAR
United States District Judge