LICHTEN & LISS-RIORDAN, P.C.
Shannon Liss-Riordan, Bar No. 310719
sliss@llrlaw.com
Thomas Fowler (*pro hac vice*)
tfowler@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel.:   +1.617.994.5800

Attorneys for Petitioners
FABIEN HO CHING MA, LAILA AMLANI,
JONATHAN WILLIS, MELISSA OLSON, SASHA
SOLOMON, RYAN CROWLEY, GRAE KINDEL,
SARAH ROSEN, and ADAM TREITLER


MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000

Michael E. Kenneally, *pro hac vice*
michael.kenneally@morganlewis.com
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
Tel:   +1.202.739.3000

Attorneys for Respondents
TWITTER, INC., and X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, LAILA AMLANI, JONATHAN WILLIS, MELISSA OLSON, SASHA SOLOMON, RYAN CROWLEY, GRAE KINDEL, SARAH ROSEN, and ADAM TREITLER,<br><br>Petitioners,<br><br>v.<br><br>TWITTER, INC., and X CORP.,<br><br>Respondents. | Case No. 4:23-cv-3301-JST<br><br>**FURTHER JOINT STATUS REPORT** |

Petitioners' Position:

With respect to Laila Amlani (who is in Arizona), it appears that JAMS has an office that now has 14 arbitrators. It appears the parties have agreed to proceed with JAMS on that case, under the usual procedure.

With respect to Melissa Olson (who is in Wisconsin), JAMS has an office with only two arbitrators. Twitter previously did not agree to proceed with this arbitration because there were not enough arbitrators in Wisconsin to create a typical JAMS strike list for selecting arbitrators. Petitioners have proposed that this arbitration be held before JAMS arbitrator Charles Clevert, Jr., who is a retired federal district judge in Wisconsin (as the other JAMS arbitrator in that state is a specialist in family law). Twitter has not responded to that proposal.

With respect to Jonathan Willis (who is in Idaho), JAMS does not have an office with arbitrators. Last week, on February 20, 2025, Petitioners proposed that the parties use an arbitrator from the Idaho Academy of Mediators and Arbitrators (which appears to have 7 neutrals). Petitioners proposed that the parties could exchange their top four proposals (ranked) and agree to use whichever is on both sides' lists (with the lowest number on both sides). Twitter did not respond to this proposal until the day this filing was due (February 28, 2025, at 6:32 p.m. EST) and simply suggested that the parties agree to use a retired Idaho federal judge as an arbitrator. While Petitioners have no objection to that proposal in theory, they do not know which retired Idaho federal judges are available to serve as arbitrators and thus thought that selecting an arbitration service that utilizes neutrals who regularly engage in arbitration would lead to the quickest appointment of an arbitrator.

Petitioners note that, in its position below, Twitter continues to dispute that it will abide by the JAMS determination to allocate Twitter to pay the full arbitration fees. This refusal by Twitter to pay the full fees is the primary issue that led to this petition being filed in the first place. Further, Twitter takes the position that, if an arbitration is not to be held at JAMS, then the JAMS rules would not apply. If Twitter's full arbitration agreement is not enforceable (for instance, because JAMS is not available to provide an arbitrator in a state where a claimant worked for Twitter), there is no reason for even more of the agreement to be set aside than is

necessary; the parties can simply proceed with an arbitration with a non-JAMS arbitrator but under the purview of the JAMS rules.

Respondent's Position:

With respect to Amlani (Arizona) and Olson (Wisconsin), Respondent's position is that if JAMS has an established office in those jurisdictions, with a roster of neutrals who are licensed to practice within those states[1] and can conduct an arbitration within 45 miles of the place where these employees reported to work for the Company, then Amlani and Olson could initiate arbitrations with JAMS in their respective jurisdictions. Respondent's position remains that JAMS cannot override or negate the provision of the DRA that provides: "If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator." Also, consistent with Judge Tigar's own ruling, Respondent's position is that the United States District Court for the Northern District of California does not have the authority, under Section 4 of the FAA, to enter an order compelling arbitration in any jurisdiction other than the Northern District of California.

With respect to Willis (Idaho), Respondent would be willing to use a retired Idaho federal judge as an arbitrator and would meet and confer with Willis regarding the selection of such arbitrator. Because such arbitrator would not be associated with JAMS, Respondent would not agree that an arbitration before any such judge in Idaho would be subject to or governed by JAMS rules. Respondent also would maintain its position that the DRA provision on fee sharing applies.

Dated: February 28, 2025

LICHTEN & LISS-RIORDAN, P.C.

By  /s/ Shannon Liss-Riordan
      Shannon Liss-Riordan

Attorneys for Petitioners

/ / /

/ / /

---

[1] To the extent that JAMS cannot create a rank-and-strike list due to a lack of available licensed arbitrators in a jurisdiction, then Respondent's position is that JAMS would not be able to administer the arbitration.

| | | |
|---|---|---|
| 1 | Dated: February 28, 2025 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By /s/ Eric Meckley |
| | | Eric Meckley |
| 4 | | Attorneys for Respondents |