UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIEN HO CHING MA, et al., <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC., et al., <br><br> Respondents. | Case No. 23-cv-03301-JST <br><br> **ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE** |

On February 7, 2025, the Court stayed this case as to Petitioners Fabien Ho Ching Ma, Ryan Crowley, and Adam Treitler. ECF No. 67 at 20. As to the three remaining Petitioners, Laila Amlani, Melissa Olson, and Jonathan Willis, the Court ordered the parties to meet and confer to attempt to reach agreement on how to proceed. *Id.* at 21. When the Court ruled on Petitioners' motion to compel arbitration, the record indicated that these Petitioners "worked for Twitter in locations where JAMS does not have any providers who meet the requirements of Section 3 of the DRA [Dispute Resolution Agreement]." *Id.* at 16.

The parties' most recently filed statement indicates that JAMS has providers in Arizona and Wisconsin, where Amlani and Olson, respectively, live. ECF No. 75 at 2–3. However, Petitioners have represented that the JAMS office in Wisconsin lacks enough arbitrators to create the usual strike list for selecting arbitrators, and that Respondent has not responded to their proposal to select one of the available JAMS arbitrators to conduct Olson's arbitration. *Id.* at 2. Respondent's position is that "JAMS would not be able to administer the arbitration" if it "cannot create a rank-and-strike list due to a lack of available licensed arbitrators in a jurisdiction." *Id.* at 3 n.1. The parties agree that JAMS does not have an office in Idaho, where Willis lives, and the parties have suggested using either an arbitrator from the Idaho Academy of Mediators and

Arbitrators or a retired Idaho federal judge. *Id.* at 2–3.

As Respondent correctly observes, the Court has determined that it lacks authority to compel arbitration under 9 U.S.C. § 4 in a venue that is outside this district. *Id.* at 3; ECF No. 67 at 14–15, 17. Thus, it cannot compel arbitration in the states in which the arbitrations for Amlani, Olson, and Willis should occur under the parties' DRA.

Because JAMS has available arbitrators in Arizona, Amlani is now similarly situated to Ma and Treitler. The Court therefore stays the case as to her so that, if necessary, she "may pursue an order compelling arbitration in the appropriate venue." ECF No. 67 at 20.

As to Willis, the Court cannot compel arbitration in Idaho under 9 U.S.C. § 4, and neither party has moved the Court to appoint a substitute arbitrator under 9 U.S.C. § 5 or addressed whether that statute would allow appointment of an arbitrator outside this district. Accordingly, the case is also stayed as to Willis so that he may, if necessary, pursue an order compelling arbitration or appointment of a substitute arbitrator in the appropriate venue.

Finally, the Court stays the case as to Olson because she is either similarly situated to Amlani, if the JAMS office in Wisconsin has a sufficient number of arbitrators or the parties otherwise agree to use one of the JAMS arbitrators available there, or to Willis, if JAMS is unavailable due to a lack of available arbitrators.

Because the case is now stayed as to all Petitioners so that they can seek relief in an appropriate venue if the parties cannot agree on an arbitrator, the Court directs the Clerk to close the file administratively. This order shall not be considered a dismissal or disposition of this action against any party. If further proceedings become necessary, any party may initiate them in the same manner as if this order had not been entered.

**IT IS SO ORDERED.**

Dated: March 5, 2025

JON S. TIGAR
United States District Judge